UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA BAILEY, KRYSTAL CLARK and
HOPE ZENTZ, on behalf of themselves
and others similarly situated

       No. 2:19-cv-13442

      Plaintiffs,

       HON. VICTORIA A. ROBERTS

v

       MAG. ELIZABETH A.
       STAFFORD

MICHIGAN DEPARTMENT OF
CORRECTIONS, HEIDI WASHINGTON,
SHAWN BREWER, RUSSELL MARLAN,
KENNETH MCKEE, LLOYD RAPELJE,
LIA GULICK, DAVID JOHNSON, KARRI
OSTERHOUT, JOSEPH TREPPA, DAN
CARTER, RICHARD BULLARD and
TONI MOORE, in their official and
individual capacities,

       **DEFENDANTS' MOTION TO**
       **DISMISS PLAINTIFFS'**
       **CLASS ACTION COMPLAINT**
       **(R. 1)**

      Defendants.

_____

Jonathan R. Marko (P72450)
Marko Law PLLC
1300 Broadway Street, Suite 500
Detroit, MI 48226
(313) 777-7LAW

Matthew H. Morgan (MN304657)
Rebekah L. Bailey (MN0387013)
Robert L. Schug (MN0387013)
Nicole Jean Schladt (MN0400234)
Nichols Kaster, PLLP
80 South Eighth St., Ste 4600
Minneapolis, MN 55402
(612) 256-3200

John L. Thurber (P44989)
Scott Mertens (P60069)
Michael R. Dean (P71333)
Jennifer Foster (P75947)
Kristie Sparks (P79177)
Kristin M. Heyse (P64353)
Assistant Attorneys General
Attorneys for Defendants Brewer,
Bullard, Carter, Gulick, Johnson,
MDOC, Marlan, McKee, Osterhout,
Rapelje, Treppa and Washington
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing E. Robinson-Holmes
(P81698)
Pitt McGehee Palmer & Rivers, P.C.
117 W. 4th St., Ste. 200
Royal Oak, MI 48067
(248) 398-9800

David S. Steingold (P29752)
Law Offices of David S. Steingold,
PLLC
500 Griswold St., Ste. 2320
Detroit, MI 48226
(313) 962-0000

Excolo Law, PLLC
Solomon M. Radner (P73653)
26700 Lahser Rd., Ste. 401
Southfield, MI 48033
(866) 939-2656

*Attorneys for Plaintiffs Bailey, Clark
and Zentz*

---

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT (R. 1)

Defendants Michigan Department of Corrections, Heidi

Washington, Kenneth McKee, Russ Marlan, Lloyd Rapelje, Lia Gulick,

Karri Osterhout, Joseph Treppa, Daniel Carter, Richard Bullard, Shawn

Brewer and David Johnson through counsel, and pursuant to Fed. R.

Civ. P. 12(b)(6), hereby move this Court to dismiss Plaintiffs' complaint

with prejudice, based upon the grounds set forth in Defendants'
accompanying brief.

In accordance with E.D. Mich. L.R 7.1(a), concurrence was sought
from Plaintiffs' counsel on Friday, April 17, 2020, by email. Defendants'
counsel did not obtain concurrence in the relief sought as at the time of
filing the motion a response has not been received.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Scott Mertens*
Scott Mertens
Assistant Attorney General
Attorney for Defendants Brewer,
Bullard, Carter, Gulick, Johnson,
MDOC, Marlan, McKee, Rapelje,
Osterhout, Treppa and Washington
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Dated: April 20, 2020          P60069

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on April 20, 2020, I electronically filed the foregoing
paper with the Clerk of the Court using the ECF system which will send
notification of such to parties of record.

*/s/ Scott Mertens*
Scott Mertens (P60069)
Assistant Attorney General
MDOC Division

iii

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA BAILEY, KRYSTAL CLARK and
HOPE ZENTZ, on behalf of themselves
and others similarly situated

No. 2:19-cv-13442

Plaintiffs,

HON. VICTORIA A. ROBERTS

v

MAG. ELIZABETH A.
STAFFORD

MICHIGAN DEPARTMENT OF
CORRECTIONS, HEIDI WASHINGTON,
SHAWN BREWER, RUSSELL MARLAN,
KENNETH MCKEE, LLOYD RAPELJE,
LIA GULICK, DAVID JOHNSON, KARRI
OSTERHOUT, JOSEPH TREPPA, DAN
CARTER, RICHARD BULLARD and
TONI MOORE, in their official and
individual capacities,

**DEFENDANTS' BRIEF IN
SUPPORT OF THEIR
MOTION TO DISMISS
PLAINTIFFS' CLASS
ACTION COMPLAINT
(R. 1)**

Defendants.

---

Jonathan R. Marko (P72450)
Marko Law PLLC
1300 Broadway Street, Suite 500
Detroit, MI 48226
(313) 777-7LAW

Matthew H. Morgan (MN304657)
Rebekah L. Bailey (MN0387013)
Robert L. Schug (MN0387013)
Nicole Jean Schladt (MN0400234)
Nichols Kaster, PLLP
80 South Eighth St., Ste 4600
Minneapolis, MN 55402
(612) 256-3200

John L. Thurber (P44989)
Scott Mertens (P60069)
Michael R. Dean (P71333)
Jennifer Foster (P75947)
Kristie Sparks (P79177)
Kristin M. Heyse (P64353)
Assistant Attorneys General
Attorneys for Defendants Brewer,
Bullard, Carter, Gulick, Johnson,
MDOC, Marlan, McKee, Osterhout,
Rapelje, Treppa and Washington
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

iv

Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing E. Robinson-Holmes (P81698)
Pitt McGehee Palmer & Rivers, P.C.
117 W. 4th St., Ste. 200
Royal Oak, MI 48067
(248) 398-9800

David S. Steingold (P29752)
Law Offices of David S. Steingold,
PLLC
500 Griswold St., Ste. 2320
Detroit, MI 48226
(313) 962-0000

Excolo Law, PLLC
Solomon M. Radner (P73653)
26700 Lahser Rd., Ste. 401
Southfield, MI 48033
(866) 939-2656

*Attorneys for Plaintiffs Bailey, Clark
and Zentz*

---

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT (R. 1)

Dana Nessel
Attorney General

Scott Mertens (P60069)
John L. Thurber (P44989)
Michael R. Dean (P71333)
Jennifer Foster (P75947)
Kristie Sparks (P79177)
Kristin M. Heyse (P64353)
Assistant Attorneys General
Attorneys for Defendants Brewer,
Bullard, Carter, MDOC,
Washington, Marlan, McKee,

v

Rapelje, Gulick, Treppa, Osterhout
and Johnson
MDOC Division
P.O. Box 30217
Lansing, MI 48909
Dated: April 20, 2020                    (517) 335-3055

# TABLE OF CONTENTS

<u>Page</u>

Table of Contents.......................................................................vii

Index of Authorities.................................................................viii

Concise Statement of Issues Presented....................................xii

Statement of Facts.................................................................... 13

Argument .................................................................................. 15

I.    Pursuant to Michigan Compiled Laws § 691.1407(5),
      Defendant Washington is entitled to absolute immunity,
      because she is the highest appointive official of the MDOC. ......... 15

II.   MDOC, a subdivision of the State of Michigan, is entitled to
      Eleventh Amendment Immunity, and Plaintiffs' complaint
      should be dismissed against MDOC................................................ 16

III.  To the extent that Plaintiffs' complaint seeks money damages
      from the named Defendants in their official capacities, those
      claims must be dismissed because § 1983 does not permit
      Plaintiffs to bring their claim for money damages against the
      Defendants in their official capacities............................................ 19

IV.   Plaintiffs' claims for injunctive and declaratory relief against
      Defendants Washington, Brewer, Marlan, McKee, Rapelje,
      Gulick, Johnson, Osterhout, Treppa, Carter and Bullard in
      their individual capacities should be dismissed as a matter of
      law...................................................................................................... 20

V.    Plaintiffs' complaint fails to plead sufficient facts to
      demonstrate personal involvement in any alleged
      unconstitutional conduct by any of the Defendants. ..................... 22

Conclusion and Relief Requested............................................... 35

# INDEX OF AUTHORITIES

<u>Page</u>

## Cases

*Abick v. Michigan*,
   803 F.2d 874 (6th Cir. 1986) ............................................................... 20

*Agramonte v. Shartle*,
   491 Fed. Appx. 557 (6th Cir. 2012) ..................................................... 30

*Alabama v. Pugh*,
   438 U.S. 781 (1978) .............................................................................. 17

*Albright v. Oliver*,
   510 U.S. 266 (1994) .............................................................................. 23

*American Transmissions, Inc. v. Attorney General*,
   560 N.W.2d 50 (Mich. 1997) ................................................................ 17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................. 35

*Barber v. City of Salem*,
   953 F.2d 232 (6th Cir. 1992) ............................................................... 26

*Bentley v. Allen*,
   No. 1:15-cv-313, 2015 WL 3626715, at *2-3 (W.D. Mich. June 10,
   2015) ...................................................................................................... 27

*Carthan v. Snyder, et al.*,
   384 F. Supp. 3d 802 (E.D. Mich. 2019) .............................................. 16

*CompuServe, Inc., v. Patterson*,
   89 F.3d 1257 (6th Cir. 1996) ............................................................... 19

*Conn v. Gabbert*,
   526 U.S. 286 (1999) .............................................................................. 35

*Cory v. White*,
   457 U.S. 85 (1982) ................................................................................ 19

*Cronn v. Buffington,*
     150 F.3d 538 (5th Cir. 1998) ............................................................... 34

*Dugan v. Rank,*
     372 U.S. 609 (1963) .......................................................................... 18

*Edelman v. Jordan,*
     415 U.S. 651 (1974) .......................................................................... 17

*Everson v. Leis,*
     556 F.3d 484 (6th Cir. 2009) ............................................................... 35

*Ford Motor Co. v. Dept. of Treasury,*
     323 U.S. 459 (1945) .......................................................................... 17

*Gean v. Hattaway,*
     330 F.3d 758 (6th Cir. 2003) ............................................................... 21

*Graham v. Connor,*
     490 U.S. 386 (1989) ................................................................... 23, 24

*Hall v. Medical College of Ohio,*
     742 F.2d 299 (6th Cir. 1984), *cert. denied,* 469 U.S. 1113 (1985) ........ 17

*Harris v. Fleming,*
     839 F.2d 1232 (7th Cir. 1988) ............................................................. 31

*Hewitt v. Helms,*
     459 U.S. 460 (1983) .......................................................................... 29

*Ku v. Tennessee,*
     322 F.3d 431 (6th Cir. 2003) ............................................................... 19

*Laney v. Farley,*
     501 F.3d 577 (6th Cir. 2007) ........................................................ 26, 35

*Lapides v. Bd. of Regents,*
     535 U.S. 613 (2002) .......................................................................... 20

*Larson v. Domestic & Foreign Commerce Corp.,*
     337 U.S. 682 (1949) .......................................................................... 18

*Lugar v. Edmondson Oil Co.,*
   457 U.S. 922 (1982) ........................................................................26

*Mental Health Servs. of Belmont v. Mental Health & Recovery Bd.*
   *Serving Belmont, Harrison & Monroe Cntys.,*
   150 Fed. Appx. 389 (6th Cir. 2005) ...........................................22

*Missouri v. Fiske,*
   290 U.S. 18 (1933) ...............................................................17, 18

*Pennhurst State Sch. & Hosp. v. Halderman,*
   465 U.S. 89 (1984) ..............................................................18

*Petipren v. Jaskowski,*
   833 N.W.2d 247 (Mich. 2013) ...........................................17

*Poe v. Haydon,*
   853 F.2d 418 (6th Cir. 1988) ................................25, 29, 32

*Polk County v. Dodson,*
   454 U.S. 312 (1981) .............................................25, 34

*Quern v. Jordan,*
   440 U.S. 332 (1979) ..............................................20

*Rhodes v. Chapman,*
   452 U.S. 337 (1981) ..............................................31

*Rizzo v. Goode,*
   423 U.S. 362 (1976) ..............................................34

*Salehpour v. University of Tennessee,*
   159 F.3d 199 (6th Cir. 1998) ................................24

*Sandin v. Conner,*
   515 U.S. 472 (1995) ..............................................29

*Shehee v. Lutrell,*
   199 F.3d 295 (6th Cir. 1999) ........................24, 25, 26

*Skinner v. Govorchin,*
   463 F.3d 518 (6th Cir. 2006) ................................30

*Smith v. Freland,*
  954 F.2d 343 (6th Cir. 1992) ................................................. 26

*Thomas v. Schroer,*
  No. 2-13-cv-02987, 2014 WL 11514858 (W.D. Tenn. Sept. 10,
  2014) ....................................................................................... 22

*Weiland v. Palm Beach Cty. Sheriff's Office,*
  792 F.3d 1313 (11th Cir. 2015) .......................................... 25

*Will v. Mich. Dep't of State Police,*
  491 U.S. 58 (1989) ............................................................... 20

*Worcester County Trust Co. v. Riley,*
  302 U.S. 292 (1937) .............................................................. 17

## Statutes

42 U.S.C. § 1983 ............................................................ passim

Mich. Comp. Laws § 691.1407(5) ...............................xii, 15, 16

Mich. Comp. Laws § 791.201 ......................................... 19

Mich. Comp. Laws § 791.201 *et seq* ............................. 16

## Rules

Fed. R. Civ. P. 12(b)(2) .............................................. 19, 21

Fed. R. Civ. P. 12(b)(6) ..................................................... 22

Fed. R. Civ. P. 8 ................................................................. 24

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Pursuant to Michigan Compiled Laws § 691.1407(5),
    Defendant Washington is entitled to absolute immunity,
    because she is the highest appointive official of the MDOC.

2.  MDOC, a subdivision of the State of Michigan, is entitled to
    Eleventh Amendment Immunity, and Plaintiffs' complaint
    should be dismissed against MDOC.

3.  To the extent that Plaintiffs' complaint seeks money damages
    from the named Defendants in their official capacities, those
    claims must be dismissed because § 1983 does not permit
    Plaintiffs to bring their claim for money damages against the
    Defendants in their official capacities.

4.  Plaintiffs' claims for injunctive and declaratory relief against
    Defendants Washington, Brewer, Marlan, McKee, Rapelje,
    Gulick, Johnson, Osterhout, Treppa, Carter and Bullard in
    their individual capacities should be dismissed as a matter of
    law.

5.  Plaintiffs' complaint fails to plead sufficient facts to
    demonstrate personal involvement in any alleged
    unconstitutional conduct by any of the Defendants.

## STATEMENT OF FACTS

On November 20, 2019, Plaintiffs filed Plaintiffs' Class Action Complaint.  This complaint was paraded through the media weeks before any of the named Defendants were served.  Defendants were actually notified of this lawsuit through the numerous media requests seeking comment by the Michigan Department of Corrections (MDOC) regarding the yet unseen complaint.

To be clear, Huron Valley Correction Facility for Women (WHV) is a modern facility staffed with well-trained, hardworking individuals who care about the job that they do and the inmates that they house. Inmates at WHV are supervised with the highest degree of integrity by individuals with a great deal of respect for the value and dignity of human life.  The MDOC takes a great deal of pride in the humane and protective custodial care that inmates receive.  The Plaintiffs in this case are no exception.

In their complaint, Plaintiffs wrongfully allege that their Eighth and Fourteenth Amendment rights to the U.S. Constitution were violated and that MDOC engaged in gross negligence.

Defendants seek to dismiss Plaintiffs' complaint because Defendant Washington is entitled to absolute immunity because she is

the highest appointive official of the MDOC; MDOC, a subdivision of the State of Michigan, is entitled to Eleventh Amendment Immunity; to the extent that Plaintiffs' complaint seeks money damages from the named Defendants in their official capacities, those claims must be dismissed because § 1983 does not permit these claims; Plaintiffs' claims for injunctive and declaratory relief against Defendants in their individual capacities should be dismissed as a matter of law; and Plaintiffs' complaint fails to plead sufficient facts to demonstrate personal involvement in any alleged unconstitutional conduct by any of the Defendants.

## ARGUMENT

I.  **Pursuant to Michigan Compiled Laws § 691.1407(5), Defendant Washington is entitled to absolute immunity, because she is the highest appointive official of the MDOC.**

In Count II of the complaint, Plaintiffs allege that Defendant Washington acted with gross negligence and is not entitled to governmental immunity.  (Compl., R. 1, PageID.46-49, ¶¶198-206.) Michigan Compiled Laws § 691.1407(5) provides that "[a] judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority."

Plaintiffs admit that Defendant Washington acted within the scope of her employment.  (*Id.,* at PageID.12, ¶36.)  Washington's executive authority arises under Mich. Comp. Laws § 791.201 *et seq*.  Accordingly, Defendant Washington is entitled to absolute immunity from tort liability, and the gross negligence claims against her should be dismissed.  *Carthan v. Snyder, et al.,* 384 F. Supp. 3d 802, 852-853 (E.D. Mich. 2019); *Petipren v. Jaskowski*, 833 N.W.2d 247

(Mich. 2013); *American Transmissions, Inc. v. Attorney General*, 560

N.W.2d 50 (Mich. 1997).

## II.   MDOC, a subdivision of the State of Michigan, is entitled to Eleventh Amendment Immunity, and Plaintiffs' complaint should be dismissed against MDOC.

The Eleventh Amendment to the United States Constitution bars

suits against states and their departments or agencies in federal court.

In *Alabama v. Pugh*, the Supreme Court stated:

> There can be no doubt, however, that suit against the State
> and its Board of Corrections is barred by the Eleventh
> Amendment, unless Alabama has consented to the filing of
> such a suit.

*Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (citing *Edelman v. Jordan*,

415 U.S. 651 (1974); *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459

(1945); *Worcester County Trust Co. v. Riley*, 302 U.S. 292 (1937)).

This sovereign immunity extends to any suit brought by a private

party where the payment of liability must be made from public funds in

the state treasury, regardless of the actual party being sued.  *Edelman*,

415 U.S. at 663; *Hall v. Medical College of Ohio*, 742 F.2d 299, 301 (6th

Cir. 1984), *cert. denied*, 469 U.S. 1113 (1985).  Moreover, in *Missouri v.

Fiske*, the Supreme Court stated that the jurisdictional bar also applies

when the plaintiff seeks equitable relief such as an injunction:

> Expressly applying to suits in equity as well as at law, the
> [Eleventh] Amendment necessarily embraces demands for
> the enforcement of equitable rights and the prosecution of
> equitable remedies when these are asserted and prosecuted
> by an individual against a State.

*Missouri v. Fiske,* 290 U.S. 18, 27 (1933); *Pennhurst State Sch. & Hosp.*

*v. Halderman*, 465 U.S. 89, 99 (1984).

This was further explained in *Dugan v. Rank*:

> The general rule is that a suit is against the sovereign if "the
> judgment sought would expend itself on the public treasury
> or domain, or interfere with the public administration," or if
> the effect of the judgment would be "to restrain the
> Government from acting, or to compel it to act."

*Dugan v. Rank*, 372 U.S. 609, 620 (1963) (internal citation omitted)

(quoting *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682,

704 (1949)).

In *Cory v. White*, the Court again declared that the Eleventh

Amendment bars requests for injunctive relief:

> It would be a novel proposition indeed that the Eleventh
> Amendment does not bar a suit to enjoin the State itself
> simply because no money judgment is sought.  The Eleventh
> Amendment reads: "The Judicial power of the United States
> shall not be construed to extend to any suit in law or equity,
> commenced or prosecuted against one of the United States
> by Citizens of another State . . . ." Thus, the Eleventh
> Amendment by its terms clearly applies to a suit seeking an
> injunction, a remedy available only from equity.  To adopt
> the suggested rule, limiting the strictures of the Eleventh
> Amendment to a suit for a money judgment, would ignore

17

the explicit language and contradict the very words of the Amendment itself. Edelman did not embrace, much less imply, any such proposition.

*Cory v. White*, 457 U.S. 85, 90-91 (1982).

Thus, the State of Michigan, as well as its departments and agencies, are entitled to sovereign immunity. MDOC is a statutorily created department of the executive branch of the State of Michigan. Mich. Comp. Laws § 791.201. As a department of the executive branch of the State of Michigan, MDOC is entitled to sovereign immunity.

The Sixth Circuit Court of Appeals has determined that Eleventh Amendment immunity should be treated like personal jurisdiction. *Ku v. Tennessee*, 322 F.3d 431, 432-435 (6th Cir. 2003). Consequently, MDOC moves for dismissal of Plaintiffs' complaint under Rule 12(b)(2). Granting a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction is "proper only if **all** the specific facts which the plaintiff [ ] alleges collectively fail to state a prima facie case for jurisdiction." *CompuServe, Inc., v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (emphasis in original).

Plaintiffs may not maintain a § 1983 action against MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in

18

the federal courts, if the state has not waived immunity and Congress

has not expressly abrogated Eleventh Amendment immunity by statute.

Congress has not expressly abrogated Eleventh Amendment

immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and

the State of Michigan has not consented to civil rights suits in federal

court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

Accordingly, MDOC is entitled to Eleventh Amendment immunity.  In

addition, the State of Michigan is not a "person" who may be sued under

§ 1983 for money damages.  *Lapides v. Bd. of Regents*, 535 U.S. 613, 617

(2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).

As a result, this Court lacks jurisdiction over the subject matter of

Plaintiffs' claims against MDOC.

Therefore, Counts I, II, and III must be dismissed against MDOC.

**III.    To the extent that Plaintiffs' complaint seeks money
damages from the named Defendants in their official
capacities, those claims must be dismissed because § 1983
does not permit Plaintiffs to bring their claim for money
damages against the Defendants in their official capacities.**

Section 1983 imposes liability only upon a "person" who, under

color of law, subjects another person to a deprivation of federal rights.

42 U.S.C. § 1983.  In suits for damages, state officials acting in their

19

official capacity are not "persons" under § 1983. *Will*, 491 U.S. at 71.

Plaintiffs' § 1983 claims for money damages against the Defendants in

their official capacities, therefore, are not cognizable. See *Gean v.*

*Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003).

To the extent that Plaintiffs' complaint seeks money damages

from the named Defendants in their official capacities, those claims

must also be dismissed because they fail to state a claim upon which

relief can be granted. Fed. R. Civ. P. 12(b)(6).

**IV.   Plaintiffs' claims for injunctive and declaratory relief against Defendants Washington, Brewer, Marlan, McKee, Rapelje, Gulick, Johnson, Osterhout, Treppa, Carter and Bullard in their individual capacities should be dismissed as a matter of law.**

To the extent that Plaintiffs' complaint seeks injunctive and

declaratory relief against Defendants Washington, Brewer, Marlan,

McKee, Rapelje, Gulick, Johnson, Osterhout, Treppa, Carter and

Bullard, in their individual capacities, those claims must be dismissed.

"Just as a plaintiff cannot sue a defendant in his official capacity

for money damages, a plaintiff should not be able to sue a defendant in

his individual capacity for an injunction in situations in which the

injunction relates only to the official's job, *i.e.,* his official capacity."

*Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Cntys.,* 150 Fed. Appx. 389, 401 (6th Cir. 2005). This rationale has been extended to requests for declaratory relief against defendants in their individual capacities only. See *Thomas v. Schroer,* No. 2-13-cv-02987, 2014 WL 11514858 (W.D. Tenn. Sept. 10, 2014). (Ex. A.)

Here, Plaintiffs appear to request injunctive and declaratory relief against the above-named Defendants in their individual capacities. Such relief only pertains to Defendants' official capacities, not their individual ones. Plaintiffs cannot obtain injunctive or declaratory relief from the above-named Defendants in their individual capacities because they would not have the authority to provide such relief in their individual capacities.

Consequently, Plaintiffs' claims for injunctive and declaratory relief against Defendants Washington, Brewer, Marlan, McKee, Rapelje, Gulick, Johnson, Osterhout, Treppa, Carter and Bullard in their individual capacities must be dismissed because they fail to state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**V.    Plaintiffs' complaint fails to plead sufficient facts to demonstrate personal involvement in any alleged unconstitutional conduct by any of the Defendants.**

The Plaintiffs bring a claim under the Eighth Amendment and in their Count I heading reference the Fourteenth Amendment.  (Compl., R. 1, PageID.43.)  However, they make no reference to the Fourteenth Amendment anywhere in the body of the complaint.  The Defendants interpret this to mean that Plaintiffs are only bringing an Eighth Amendment claim and the purpose for their reference to the Fourteenth is to demonstrate that the Eighth Amendment applies to the states.  On the face of the complaint, Plaintiffs do not have a Fourteenth Amendment claim as it is only included in the heading of the count. Further, such a claim does not apply because this is an Eighth Amendment case.  The Supreme Court has held that when there is an explicit source of a constitutional protection, then a claim should be analyzed under that Amendment, not a more general Fourteenth Amendment substantive due process claim.  *Albright v. Oliver,* 510 U.S. 266, 273 (1994); *Graham v. Connor,* 490 U.S. 386, 395 (1989).

As a foundational matter, in order for the named Defendants to be held liable under 42 U.S.C. § 1983, Plaintiffs must first establish a violation of a constitutional right or Plaintiffs cannot prevail on their

claim. *Graham*, 490 U.S. at 393. Plaintiffs must also set forth specific

facts for each named Defendant and then show how each Defendant

personally participated in the alleged unconstitutional behavior.

*Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v.*

*University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998)).

While Defendants challenge the notion that any of them violated

Plaintiffs' constitutional rights, the complaint also fails under Federal

Rule of Civil Procedure 8, in that the construction of the complaint

makes it impossible for Defendants to respond to individualized

allegations. This is so because throughout the complaint, Defendants

are all lumped together as if each of them always took exactly the same

actions against all Plaintiffs. For example, by requiring "inmates to

clean showers from 11:00 pm until 5:00 am straight or else." (Compl.,

R. 1, PageID.30, ¶122.) (internal quotations omitted.) Defendants are

perplexed as to how Plaintiffs allege that the Director of MDOC, went to

the prison and stood there forcing the inmates to clean a bathroom

overnight – as did apparently, every other named Defendant – while not

unconstitutional, it is simply not possible. This kind of "shotgun"

complaint "asserting multiple claims against multiple defendants

23

without specifying which of the defendants are responsible for which acts or omissions[,]" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015), often leads to an amended complaint.

However, in this case, the above referenced allegation is just one instance that makes it obvious that the entirety of Plaintiffs' complaint is based on a theory of respondeat superior, which cannot trigger constitutional protections. There is no liability based upon a theory of respondeat superior, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), and even the combination of knowledge of a prisoner's grievance and failure to remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988).

In this case, Plaintiffs have named higher-up administrative officials, those in charge of budgeting, policy, and oversight, including officials from central office who are not assigned to work at any facility. Since the allegations "must be based on active unconstitutional behavior and cannot be based upon a mere failure to act" *Shehee*, 199 F.3d at 300 (internal quotations and citations omitted), Plaintiffs'

24

complaint is wholly inadequate to state a claim under § 1983 and must be dismissed.

**<u>Allegations</u>**

Plaintiffs must show active participation in unconstitutional behavior by each of the named Defendants.  *Id*.  Plaintiffs claim that all Defendants had "an affirmative duty and obligation to provide prisoners with" all the services and building maintenance as set forth in various MDOC policies.  (Compl., R. 1, PageID.13-14, ¶¶39-42.)  Regardless of Defendants' employment positions, these policies are guidelines of a state agency, and even if somehow any of these Defendants were in violation of a policy, policy violations do not rise to the level of a constitutional violation and do not trigger constitutional protections. See, *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-348 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992).  "Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  "As a consequence, Plaintiff fails to state a claim based on the violation of

MDOC policy." *Bentley v. Allen*, No. 1:15-cv-313, 2015 WL 3626715, at

*2-3 (W.D. Mich. June 10, 2015) (Ex. B.)

 In numerous places, Plaintiffs allege that they complained to

someone, about something.  Plaintiffs "complained about symptoms,

such as skin rash and itching, nasal stuffiness, throat irritation,

coughing, watery eyes, wheezing, and respiratory conditions and

infections." (Compl., R. 1, PageID.27, ¶106.)  Notably, none of the

named Defendants work in healthcare at WHV and would not be in a

position to receive medical complaints, which makes sense, since

Plaintiffs state that their requests for treatment were ignored by

custody staff, nurses, physician assistants, or physicians.  (*Id*., ¶107.)

 Related to the claim that mold is present, Plaintiffs allege that

"[a]s early as 2013, detainees and inmates at WHV began complaining

to Defendants—including multiple guards, nurses, nurse practitioners,

and doctors—about the presence of visible mold[.]"  (*Id*., PageID.26,

¶103.)  The word, "including" there would seem to indicate that

"multiple guards, nurses, nurse practitioners, and doctors" are the

Defendants – but they are not.  Plaintiffs allege they have complained

about "mold in the facility for years . . . but their pleas have been

ignored.  Defendants have failed to remove the mold." (*Id.*, PageID.5,

¶8.)  Yet again, most of these Defendants would never directly receive a

Plaintiffs' complaint from within the facility and none of these

Defendants would be standing in the prison performing mold

remediation.  They would rely on other professionals to perform those

kinds of duties as well as relying on professional opinions for the best

way to remediate the problem; unless, again, Plaintiffs truly wish to

assert that the Director of MDOC and all the other named

administrative or supervisory Defendants picked up a brush and

personally "painted over the mold."  (*Id.*, PageID.29, ¶117.)

    In fact, the Plaintiffs' allegations that the mold was covered,

directly refutes their own statements that their pleas were ignored.

Specifically, the Defendants are also not the Corrections Officer who

"instructed inmates to instead scratch the mold off the shower tiles and

wall with their finger nails."  (*Id.*, PageID.30, ¶120.)  As far as

Defendants know, that individual has not been named in this lawsuit.

    Plaintiffs further contend that all the named Defendants "were

actually aware of the extensive mold problem as it was readily visible."

(*Id.*, PageID.25, ¶98.)  But the majority of the Defendants would never

be in a position to see any mold at the facility because they do not work there, and despite the claim that "[m]any inmates filed grievances about the mold," most of these named Defendants would not be in a position to respond to such a grievance if in fact one was filed.

Even if Plaintiffs did bring mold to the attention of Defendant Brewer "during Step Two of the inmates' grievance process," (*Id*.) that act still does not impose constitutional liability on Defendant Brewer, or prove that he failed to initiate any action to remedy the issue.  For the purposes of personal involvement, knowledge of a prisoner's grievance and failure to remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983.  *Poe*, 853 F.2d at 429. Plaintiffs may believe that the grievances were ignored or discounted by Warden Brewer, but since Plaintiffs do not have a constitutional right to an effective grievance process, they cannot lodge a § 1983 claim against Warden Brewer based on their perceptions that Brewer's response was inadequate.  See *Hewitt v. Helms*, 459 U.S. 460, 467 (1983) (overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)).  Moreover, the failure of a prison official to respond

adequately to a grievance does not state a claim.  *Skinner v. Govorchin,*
463 F.3d 518, 525 (6th Cir. 2006).

Plaintiffs allege that WHV is "intentionally overcrowded" creating
a "perilous environment inside the prison walls."  (Compl., R. 1,
PageID.3, ¶2.)  This is a conclusory statement without merit since, as
Plaintiffs admit, this "is currently the only women's prison in the state
of Michigan."  (*Id.*, PageID.12, ¶35.)  While Defendants are not
responsible for Plaintiffs' criminal activity giving rise to their placement
in prison, Defendants also cannot intend to overcrowd inmates if there
are currently no other options available.  Additionally, by Plaintiffs'
own words, "[t]o combat over-crowding, the institution has undergone
retrofitting."  (*Id.*, PageID.15, ¶46.)  With limited options, it appears
state officials attempted to make the most of what is available, and
"[w]hile crowded conditions can be restrictive and even harsh, they do
not violate the Eighth Amendment unless they deprive the inmate of
the minimal civilized measure of life's necessities.  Inmates cannot
expect the amenities, conveniences and services of a good hotel."
*Agramonte v. Shartle*, 491 Fed. Appx. 557, 559 (6th Cir. 2012) (citing

*Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988).

There are only two Defendants who are separated out from the others and named individually within the complaint: Defendant Warden Brewer and Defendant Bullard who is the Physical Plant Supervisor at WHV.  But even being individually named, Plaintiffs fail to allege any personal involvement in unconstitutional behavior that can form the basis for liability under § 1983.  It appears that Defendant Bullard is being sued for doing his job.  Defendant Bullard is accused of submitting annual reports from "2013 to 2018 that detailed extensive problems."  (Compl., R. 1, PageID.16, ¶52.)

Bullard allegedly acknowledged that the HVAC system needed to be replaced.  (*Id.*, PageID.20, ¶76.)  Bullard's annual reports in 2017 and 2018 said the HVAC system needed to be replaced.  (*Id.*, PageID.21, ¶¶78, 79.)  These are the only individualized allegations against Defendant Bullard.  Being a plant supervisor, Bullard would be required to make reports detailing issues that can then be added to future repair lists in order to seek future funding for the projects.

There is no constitutional violation for documenting requested building repairs in a report.

Although Plaintiffs plead slightly more specific details in regard to Warden Brewer, the allegations are still only conclusions and speculation regarding his personal involvement in the alleged constitutional violations and run afoul of the pleading standard necessary to state a § 1983 claim.  The only allegation against Defendant Brewer is that he was made aware of the prison conditions. (*Id.*, PageID.17, 25, 26, 27, 31, ¶¶ 57, 98, 104, 105, 126.)  However, this does not sufficiently allege that Defendant Brewer violated Plaintiffs' constitutional rights, because the combination of knowledge of a prisoner's grievance and failure to remedy the grievance is insufficient to impose liability upon supervisory personnel under § 1983.  *Poe*, 853 F.2d at 429.

Additionally, there is no evidence that Defendant Brewer failed to take action.  Instead, the complaint supports that the State was taking action because the allegations note when some repairs were being made.  Windows needing to be replaced from 2016-2018.  (Compl., R. 1, PageID.18, ¶62.)  Roofs needing to be replaced from 2013-2017.  (*Id.*,

31

PageID.16, ¶52.)  Roof leaks continued in at least one unit.  (*Id,*
PageID.17, ¶56.)  These statements indicate that repairs were being
made.  There are no allegations that Defendants took any active
unconstitutional behavior against Plaintiffs.

Plaintiffs have named officials who are not individually liable, but
instead are supervisors and administrators who took no personal action
against Plaintiffs.  Defendant Washington develops and implements
policy and manages the MDOC.  (Compl., R. 1, PageID.7, ¶20.)
Defendant Brewer oversees operation of WHV and supervises, trains,
and disciplines staff.  (*Id.*, PageID.8, ¶21.)  Defendant Marlan
promulgates administrative policies related to preventive and
emergency maintenance for all of MDOC.  (*Id.*, ¶22.)  Defendant McKee
oversees operation of all correctional institutions in the MDOC system.
(*Id.*, PageID.8-9, ¶23.)  Defendant Rapelje oversees administration of
the entire Jackson region.  (*Id.*, PageID.9, ¶24.)  Defendant Gulick is
the Acting Deputy Director for Budget and Operations for MDOC.  (*Id.*,
¶25.)  Defendant Johnson is responsible for developing policies
supervising, training, and disciplining staff.  (*Id.*, PageID.9-10, ¶26.)
Defendant Osterhout is responsible for developing policies and

32

supervising, training, and disciplining staff.  (*Id.*, PageID.10, ¶27.)
Defendant Treppa is responsible for planning and coordinating
maintenance activities.  (*Id.*, PageID.10-11, ¶28.)  Defendant Carter is
responsible for planning and coordinating maintenance activities and
supervising custodial staff.  (*Id.*, PageID.11, ¶29.)  Defendant Bullard is
a direct supervisor to all the Physical Plant Supervisors, and
responsible for preparing annual reports.  (*Id.*, PageID.11-12, ¶30.)

All of these individuals are targeted because of their positions,
and not because any of them individually took any unconstitutional
action against Plaintiffs.  Plaintiffs can try to establish supervisory
liability, if an official implemented "a policy so deficient that the policy
itself acts as a deprivation of constitutional rights."  *Cronn v.
Buffington*, 150 F.3d 538, 544 (5th Cir. 1998) (internal citation omitted).
The "policy must be the moving force of the constitutional violation in
order to establish the liability of a government body under § 1983."
*Polk Cnty.*, 454 U.S. at 326 (internal quotations and citation omitted)
(citing *Rizzo v. Goode*, 423 U.S. 362, 370-377 (1976) (general allegation
of administrative negligence fails to state a constitutional claim
cognizable under § 1983)).  That is not the case here—Plaintiffs are

instead arguing that Defendants did not follow the policy which as previously established is insufficient to allege constitutional violations. *Laney*, 501 F.3d at 581 n.2; *Brody*, 250 F.3d at 437; *Smith*, 954 F.2d at 347-348.

Plaintiffs also believe Defendants failed to properly train WHV staff.  (Compl., R. 1, PageID.40, ¶173h.)  However, "[a] supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (internal quotations and citations omitted).

Disregarding the legal conclusions that "are not entitled to the assumption of truth[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), Plaintiffs have failed to allege that any of the named Defendants personally participated in "the deprivation of an actual constitutional right at all." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  In every instance, those accused of interacting with or ignoring the prisoners, are doctors, nurses, medical assistants, guards, unnamed maintenance men, and most importantly, not the Defendants.  Defendants have not taken any personal action to violate any constitutional right against

34

Plaintiffs, Defendants did not all collectively act against Plaintiffs, and this complaint must be dismissed.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated more fully and completely above, Defendants hereby ask that this Court dismiss Plaintiffs' Class Action Complaint.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Scott Mertens*
Scott Mertens
Assistant Attorney General
Attorney for Defendants Brewer,
Bullard, Carter, Gulick,
Johnson, MDOC, Marlan,
McKee, Osterhout, Rapelje,
Treppa and Washington
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Dated: April 20, 2020          P60069

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on April 20, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Scott Mertens*
Scott Mertens (P60069)
Assistant Attorney General
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

Dated: April 20, 2020

36