UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA BAILEY, KRYSTAL
CLARK and HOPE ZENTZ,
on behalf of themselves
and others similarly situated,

          Plaintiffs,

                                   Case No. 19-13442
v.                              District Judge Victoria A. Roberts
                                Mag. Judge Elizabeth A. Stafford

MICHIGAN DEPARTMENT OF
CORRECTIONS, HEIDI WASHINGTON,
SHAWN BREWER, RUSSELL MARLAN,
KENNETH MCKEE, LLOYD RAPELJE,
LIA GULICK, DAVID JOHNSON, KARRI
OSTERHOUT, JOSEPH TREPPA, DAN
CARTER, RICHARD BULLARD and
TONI MOORE, in their official and
individual capacities,

          Defendants.
_____/

## ORDER GRANTING MDOC DEFENDANTS' MOTION TO DISMISS [ECF No. 54]

## I.    INTRODUCTION/BACKGROUND

Paula Bailey ("Bailey"), Krystal Clark ("Clark"), and Hope Zentz ("Zentz") are inmates at the Women's Huron Valley Correctional Facility ("WHV"). They filed this civil rights action under 42 U.S.C. § 1983.

1

Plaintiffs challenge what they describe as inhumane, dangerous, and unconstitutional conditions endured by women incarcerated at WHV. Plaintiffs claim that multiple buildings at WHV are riddled with dangerous conditions, including haphazard retrofitting, leaky roofs, inoperable windows, inadequate ventilation, and outdated HVAC systems that contribute to the mold issues.

Plaintiffs say this mold exposure has taken a significant physical and mental toll on them. The mold related issues Plaintiffs complain of include skin rashes and itching, nasal stuffiness, throat irritation, constant coughing, watering eyes, wheezing, and respiratory conditions and infections. They allege that they are only able to escape these dire conditions when they leave their housing units. Plaintiffs say this conduct poses unreasonable risk of serious harm to their health and safety and violates their rights guaranteed by the United States Constitution.

The Michigan Department of Corrections ("MDOC") and its employees ("MDOC Employee Defendants") (collectively, "MDOC Defendants") filed a Motion to Dismiss. For the reasons stated, the Court **GRANTS** it. Plaintiffs may seek leave to reopen this case to file a second amended complaint within 21 days of entry of this order.

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  The federal rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible where the facts allow the court to infer that the defendant is liable for the misconduct alleged. *Id.* This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555 (while detailed factual allegations are not required, a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action").  Ultimately, the question is "'not whether [the plaintiff] will ultimately prevail' . . . but whether [the]

3

complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011).

In deciding a motion under Fed. R. Civ. P. 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pled factual allegations, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court "may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Id.*

## III.   ANALYSIS

### A. MDOC Has 11th Amendment Immunity

Although Plaintiffs allege a plethora of claims that lump MDOC and MDOC Employee Defendants with all other Defendants and accuse them of misconduct, MDOC argues that it has immunity from suit under the Eleventh Amendment. That is correct. *See Brown v. Washington*, No. 19-1308, 2020 WL 1492020, at *2 (6th Cir. Mar. 16, 2020) ("as an arm of the State, the Michigan Department of Corrections is absolutely immune from suit under

4

the Eleventh Amendment); *Sims v. Mich. Dep't of Corr.*, 23 F. App'x 214, 215 (6th Cir. 2001) ("Because the MDOC is a state agency and the state of Michigan has not consented to civil rights suits in the federal courts, the MDOC is entitled to Eleventh Amendment immunity.") (internal citations omitted).

Plaintiffs may not maintain a § 1983 action against MDOC, unless the state waives immunity or Congress expressly abrogates Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101(1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993).

The claims against MDOC are dismissed.

### B. MDOC Employee Defendants

Plaintiffs sue MDOC employees in their individual and official capacities for monetary damages and declaratory and injunctive relief. The MDOC Employee Defendants are: (i) Heidi Washington, MDOC Director; (ii) Shawn Brewer, Warden at WHV; (iii) Russell Marlan, Deputy Director for Field Operations Administration at MDOC; (iv) Kenneth McKee, Deputy Director of the Correctional Facilities Administration; (v) Lloyd Rapelje, Assistant Deputy Director for the Correctional Facilities Administration; (vi) Lia Gulick, Acting Deputy Director for Budget and Operations; (vii) David

Johnson, Deputy Warden at WHV; (viii) Karri Ousterhout, Deputy Warden at WHV; (ix) Joseph Treppa, Physical Plant Supervisor; (x) Dan Carter, Physical Plant Supervisor; (xi) Richard Bullard, Physical Plant Superintendent; and (xii) Toni Moore, State Administrative Manager.

### a. Official Capacity Claims For Monetary Damages Are Barred

MDOC Employee Defendants argue that Plaintiffs make an impermissible request for monetary damages under § 1983 against them in their official capacities. Plaintiffs say they do not seek monetary damages under § 1983. To the extent they do, such claims are barred.

A suit against an individual in his official capacity is equivalent to a suit against the governmental entity (i.e. MDOC). *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). And, an official capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998).

### b. Individual Capacity Claims For Injunctive Relief Are Barred

MDOC Employee Defendants argue that Plaintiffs are not entitled to seek injunctive relief against them in their individual capacities. Plaintiffs say

they only seek injunctive relief against the MDOC Employee Defendants in their official capacities.

"Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, i.e., his official capacity." *Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Cntys.*, 150 F. App'x 389, 401 (6th Cir. 2005).

Plaintiffs cannot obtain injunctive or declaratory relief from MDOC Employee Defendants in their individual capacities.

### c. The Substantive Due Process Claims against MDOC Defendants are dismissed

The parties stipulated to dismissal of the substantive due process claims against MDOC Defendants.

### d. Sufficiency of Pleadings

MDOC Employee Defendants contend that by only ever referring to them, as "MDOC Defendants," Plaintiffs' amended complaint violates the notice pleading requirement of Fed. R. Civ. P. 8(a)(2) and fails to put them on notice of the nature of the claims against them specifically.

Plaintiffs' failure to allege how any specific MDOC Employee Defendant was personally involved and deliberately indifferent means that the amended complaint does not contain "factual content that allows the court to draw the reasonable inference that the [MDOC D]efendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Defendants "can be held liable only on their own unconstitutional behavior." *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).

Although one or more of the MDOC Employee Defendants may have violated the Eighth Amendment, Plaintiffs fail to tie any specific MDOC Employee Defendant to any specific failing or shortcoming outlined in the amended complaint. "Plaintiff must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi,* 680 F.3d 617, 626 (6th Cir. 2012). Such a failing requires dismissal.

## IV.   CONCLUSION

The Court **GRANTS** MDOC Defendants' Motion to Dismiss. MDOC is **DISMISSED WITH PREJUDICE**; Plaintiffs' amended complaint is otherwise **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs may seek leave to reopen this case to file a second amended complaint that complies with this Order within 21 days of entry of this Order. If Plaintiffs do refile, they must set forth counts and allegations that are specific and which put each Defendant on notice concerning the misconduct alleged against that Defendant, and that demonstrates Plaintiffs' entitlement to relief against that Defendant.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 9/4/2020

9