# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| PAULA BAILEY, KRYSTAL CLARK, and HOPE ZENTZ, on behalf of themselves and others similarly situated, | ) ) ) ) |
|  | ) |
| Plaintiffs, | ) |
| v. | ) |
|  | ) |
| HEIDI WASHINGTON, in her official and individual capacity, JEREMY HOWARD, in his individual and official capacity, SHAWN BREWER, in his official and individual capacity, KENNETH MCKEE, in his individual and official capacity, JEREMY BUSH, in his individual and official capacity, LIA GULICK, in her individual and official capacity, ED VALLAD, in his individual and official capacity, DAVID JOHNSON, in his individual and official capacity, KARRI OSTERHOUT, in her individual and official capacity, JOSEPH TREPPA, in his official and individual capacity, DAN CARTER, in his official and individual capacity, RICHARD BULLARD, in his official and individual capacity, and TONI MOORE, in her official and individual capacity, | Case No. 2:19-cv-13442 VAR-EAS<br><br>District Judge Victoria A. Roberts<br>Mag. Judge Elizabeth A. Stafford |
|  | ) |
| Defendants. | ) |

## PLAINTIFFS' CORRECTED MOTION FOR NUNC PRO TUNC ORDER GRANTING LEAVE TO REOPEN CASE TO FILE AN AMENDED CLASS ACTION COMPLAINT

Plaintiffs, by their counsel, seek a nunc pro tunc order granting leave to reopen the case to file an Amended Class Action Complaint. In support of this motion, Plaintiffs state as follows:

1.      On September 4, 2020, this Court granted Defendants' Motion to Dismiss. Plaintiffs' claims against Defendant MDOC were dismissed with prejudice. The remainder of the Plaintiffs' Complaint which asserted claims against individual MDOC employees was dismissed without prejudice. (Dkt 71, Page ID 1065). The Court found that the Amended Complaint failed to put the individual Defendants on notice of the nature of the claims against them specifically. (*Id.*, Page ID 1064).

2.      In the order, the court provided that the "Plaintiffs may seek leave to reopen this case to file a second (sic) amended complaint within 21 days of this order. If Plaintiffs do refile, they must set forth counts and allegations that are specific and which put each Defendant on notice concerning the misconduct alleged against that Defendant, and that demonstrate Plaintiffs' entitlement to relief against that Defendant." (Dkt 71, Page ID 1066).

3.      Within 21 days of the Court's order, on September 25, 2020, Plaintiffs filed an Amended Class Action Complaint in which  they addressed and cured the deficiencies identified by the Court in its order granting Defendants' Motion to Dismiss and provided additional details about the personal involvement and deliberate indifference of the Individual Defendants. (Dkt 73). However, due to an

unfortunate oversight in reading the Court's September 4, 2020 Order, Plaintiffs mistakenly failed to first file a motion seeking leave to reopen this case to file an amended complaint as directed by the Court.

4.      On Tuesday, September 29, 2020, Defendants' counsel informed Plaintiffs that they had failed to move to reopen the case when they filed their Amended Class Action Complaint and Defendants would be moving to strike the Complaint.

5.      In response, Plaintiffs have immediately moved to correct the oversight by filing this motion for a nunc pro tunc order to reopen the case and amend their Complaint, pursuant to Fed.R.Civ.P. 15.

6.      Plaintiffs sought concurrence from Defendants for the relief sought in this motion. Defendants have indicated that they do not concur in the relief sought in the motion.

7.      Plaintiffs' motion requesting permission to file to reopen this case and file an amended complaint should be granted because Plaintiffs have cured the defects contained in the amended complaint and leave shall be freely given. More specifically, in Plaintiffs' Amended Class Action Complaint (Dkt No. 73), Plaintiffs included additional facts detailing the relationships between the WHV and MDOC Defendants, as well as the particular duties and responsibilities of each individual Defendant with respect to environmental conditions at WHV. (Am. Compl. ¶¶ 149-

97.) For each Defendant, Plaintiffs also allege (1) that the Defendant knew of the risk of a substantial risk of harm to Plaintiffs, (2) that the Defendant disregarded the risk, and (3) that the Defendant implicitly authorized, approved, or knowingly acquiesced in unconstitutional behavior perpetrated by his or her subordinates.[1] (*Id.* ¶¶ 198-362.).

8.   By way of example, Plaintiffs allege that WHV Deputy Warden Johnson "was aware of the conditions of the WHV facility and knew that such conditions were likely to, and did in fact, foster species of mold," in large part due to personal observation, inmate grievances, and his receipt of Defendant Bullard's Annual Physical Plant Report. (*Id.* ¶¶ 229-33.) Plaintiffs also allege that Defendant Johnson received a letter from a member of the Warden's Forum Committee regarding the failure of the ventilation system on or about September 2018. (*Id.* ¶ 202.) Despite this knowledge, Plaintiffs allege that Defendant Johnson failed to coordinate and administer effective testing of the mold present at the facility; failed

---

[1] To set forth a valid claim pursuant to 42 U.S.C. § 1983, Plaintiffs must allege that there was a substantial risk of harm to Plaintiffs, that Defendants knew of the risk, and that Defendants disregarded the risk. *Allen v. Caruso*, No. 08-14252, 2009 WL 3063315, at *5 (E.D. Mich. Sept. 18, 2009). With respect to actions perpetrated by the Defendants' subordinates, Plaintiffs must allege that Defendants implicitly authorized, approved, or knowingly acquiesced in unconstitutional behavior. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *see also Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). For Plaintiffs' "failure to train" theory of recovery, Plaintiffs must establish that 1) Defendants' training program was inadequate for the tasks the officials must perform, 2) the inadequacy was the result of Defendants' deliberate indifference, and 3) the inadequacy was closely related to or caused the injury. *Jackson v. City of Cleveland*, 925 F.3d 793, 834–37 (6th Cir. 2019) (citing *Ciminillo v. Steicher*, 434 F.3d 461 (6th Cir. 2006)).

to coordinate and administer effective methods to eradicate the mold at the facility; failed to advocate for, coordinate, and administer effective facility improvements so as to prevent the growth and spread of mold in the facility; attempted to cover up the presence of mold at the facility; allowed WHV to fall into such disrepair that the ventilation and HVAC systems stopped functioning adequately, among other infrastructural failings, so as to foster a breeding ground for dangerous species of mold; knew about the substantial risk of harm mold and other environmental conditions posed to Plaintiffs and disregarded that risk; and implicitly authorized, approved, or knowingly acquiesced in the systemwide failure to test, treat, repair, and disinfect to prevent and control mold. (*Id.* ¶ 236.) New allegations related to Defendant Johnson's personal inspection walkthroughs exemplify his deliberate indifference, as Plaintiffs allege that he is part of a group of Defendants who state mold is not harmful and instruct maintenance crews to paint over it. (*Id.* ¶ 208.)

9.    Plaintiffs added claims against Ed Vallad and Jeremy Howard.

10.    Plaintiffs also incorporated new details into their Amended Class Action Complaint that further demonstrate Defendants' active role in the dangerous conditions at WHV. For example, Plaintiffs allege that Defendant Osterhout told inmates to remove approximately 20 buckets and shower curtains from the law library so that inspectors would not examine a leaking roof more closely. (*Id.* ¶¶ 204-05.) Plaintiffs allege that Defendants Brewer, Johnson, and Osterhout complete

4

regular building walkthroughs and instruct maintenance crews, including Defendants Treppa, Carter, and Bullard, to paint over mold. (*Id.* ¶¶ 208-09.) And Plaintiffs allege that Defendant Brewer tells inmates he is "waiting on the call from Heidi" when they complain about mold and inadequate ventilation at WHV, indicating that Defendant Washington is responsible for fixing such problems. (*Id.* ¶ 225.)

11.    Plaintiffs request that this Court grant Plaintiffs' Motion for Nunc Pro Tunc Order Granting Leave to Reopen Case to File an Amended Complaint, so that the Amended Class Action Complaint can be considered and resolved on the merits.

12.    Defendants will not be prejudiced by the relief sought in this motion.

WHEREFORE, Plaintiffs request that this Court enter an order nunc pro tunc reopening this case and to allow the filing of the Amended Consolidated Master Class Action.

Respectfully submitted,

/s/ Beth M. Rivers
**PITT MCGEHEE PALMER & RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing Robinson-Holmes (P81698)
117 W. 4th Street, Suite 200
Royal Oak, MI 48067
P: (248) 398-9800
F: (248) 268-7996
cmcgehee@pittlawpc.com
brivers@pittlawpc.com

5

crobinson@pittlawpc.com

**NICHOLS KASTER, PLLP**
Matthew H. Morgan (MN 304657)
Rebekah L. Bailey (MN 0389599)
Nicole J. Schladt (MN0400234)
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402
P: (612) 256-3200
F: (612) 338-4878
morgan@nka.com
bailey@nka.com
nschladt@nka.com

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
1300 Broadway Street, Suite 500
Detroit, MI 48226
P: (313) 777-7LAW
jon@jmarkolaw.com

**LAW OFFICES OF DAVID S. STEINGOLD, PLLC**
David S. Steingold (P29752)
Samantha M. Baker (P83674)
500 Griswold Street, Suite 2320
Detroit, MI 48226
P: (313) 962-0000
F: (313) 962-0766
detroitdefender@yahoo.com
samanthabaker@thedetroitdefender.com

**EXCOLO LAW, PLLC**
Solomon M. Radner (P73653)
26700 Lahser Road, Suite 401
Southfield, MI 48033
P: (866) 939-2656
F: (866) 571-1020
sradner@excololaw.com

6

**ON BEHALF OF PLAINTIFFS PEARSON, SHELDON, AND GARWOOD**

Dated: October 8, 2020          /s/Daniel Randazzo
                                **LAW OFFICE OF DANIEL RANDAZZO**
                                Daniel Randazzo (P39935)
                                2731 South Adams Rd., Ste. 100
                                Rochester Hills, MI 48309
                                P: (248) 853-1003
                                F: (248) 853-1004
                                Attyrandaz@aol.com

                                **ON BEHALF OF THE PLAINTIFF SMITH**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 8, 2020 I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system which will send notification of such filing to all parties via same.

          Signature:   s/ Carrie Bechill
                       117 W. Fourth Street, Suite 200
                       Royal Oak, MI 48067
                       (248) 398-9800
                       cbechill@pittlawpc.com

7

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| PAULA BAILEY, KRYSTAL CLARK, and HOPE ZENTZ, on behalf of themselves and others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HEIDI WASHINGTON, in her official and individual capacity, JEREMY HOWARD, in his individual and official capacity, SHAWN BREWER, in his official and individual capacity, KENNETH MCKEE, in his individual and official capacity, JEREMY BUSH, in his individual and official capacity, LIA GULICK, in her individual and official capacity, ED VALLAD, in his individual and official capacity, DAVID JOHNSON, in his individual and official capacity, KARRI OSTERHOUT, in her individual and official capacity, JOSEPH TREPPA, in his official and individual capacity, DAN CARTER, in his official and individual capacity, RICHARD BULLARD, in his official and individual capacity, and TONI MOORE, in her official and individual capacity, | ) ) Case No. 2:19-cv-13442 VAR-EAS ) ) District Judge Victoria A. Roberts ) Mag. Judge Elizabeth A. Stafford ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR NUNC PRO TUNC ORDER GRANTING LEAVE TO REOPEN CASE TO FILE AN AMENDED CLASS ACTION COMPLAINT

## <u>TABLE OF CONTENTS</u>

Index of Authorities .............................................................................ii

Concise Statement of Issues Presented ...............................................iii

Controlling Authority.........................................................................iv

Procedural History .............................................................................1

ARGUMENT ......................................................................................2

    I.    This Court Should Grant Plaintiffs' Motion for a Nunc Pro Tunc
        Order Reopening This Case to Allow Plaintiffs to File Amended
        Class Action Complaint Because Plaintiffs Have Cured All Defects
        and Leave to Amend Should Be Freely Given....................................2

Conclusion .........................................................................................4

# INDEX OF AUTHORITIES

Cases

*Allen v. Caruso*, No. 08-14252, 2009 WL 3063315, at *5 (E.D. Mich. Sept. 18, 2009) ................................................................................................3

*Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)....................................................3

*Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).............................................3

*Ciminillo v. Steicher*, 434 F.3d 461 (6th Cir. 2006) ..................................................3

*Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)...................................................3

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ......................................................... iii, 3

*Hayduk v. Lanna*, 775 F.2d 441, 445 (1st Cir. 1985) ................................................3

*Jackson v. City of Cleveland*, 925 F.3d 793, 834–37 (6th Cir. 2019) ......................3

Patel v. Gonzales, 432 F.3d 685, 693 (6th Cir.2005) ......................................... iii, 2

*U.S. ex rel. Bledsoe v. Cmty, Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003)...3

## <u>CONCISE STATEMENT OF ISSUES</u>

1. Whether this Court should grant Plaintiffs' motion for a nunc pro tunc order reopening the case to allow Plaintiffs to file an Amended Consolidated Master Class Action Complaint when Plaintiffs have cured all defects and leave to amend should be freely given.

Plaintiffs' Answer: YES

## <u>CONTROLLING AUTHORITY</u>

*Patel v. Gonzales,* 432 F.3d 685, 693 (6th Cir.2005)

*U.S. ex rel. Bledsoe v. Cmty, Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003)

*Foman v. Davis*, 371 U.S. 178, 182 (1962)

Fed.R.Civ.P. 15

## **PROCEDURAL HISTORY**

On September 4, 2020, this Court granted Defendants' Motion to Dismiss. The claims against the Defendant MDOC were dismissed with prejudice, whereas the remainder of Plaintiffs' amended complaint, which asserted claims against MDOC employees, was dismissed without prejudice. (Dkt 71, Page ID 1065). The Court found that the amended complaint failed to put the individual Defendants on notice of the nature of the claims against them specifically. (*Id*., Page ID 1064). In the order, the Court provided that the "Plaintiffs may seek leave to reopen this case to file a second amended complaint within 21 days of this order." (Dkt 71, Page ID 1059).

Within 21 days of the Court's order, on September 25, 2020, Plaintiffs filed an Amended Class Action Complaint in which  they addressed and cured the deficiencies identified by the Court in its order granting Defendants' Motion to Dismiss and provided additional details about the personal involvement and deliberate indifference of the Individual Defendants. Although Plaintiffs filed the Amended Class Action Complaint consistent with the Court's direction in the Order of Dismissal, Plaintiffs mistakenly failed to formally request that this Court reopen the case.

Now, Plaintiffs seek a nunc pro tunc order from this Court granting Plaintiffs' leave to reopen case to file an amended complaint.

## **ARGUMENT**

**I.**    **This Court Should Grant Plaintiffs' Motion for a Nunc Pro Tunc Order Reopening This Case to Allow Plaintiffs to File Amended Class Action Complaint Because Plaintiffs Have Cured All Defects and Leave to Amend Should Be Freely Given.**

While Plaintiffs neglected to seek leave from the Court to reopen this case to file their amended class complaint on September 25, 2020, Plaintiffs, herein, seek leave via a motion for a nunc pro tunc order. A *nunc pro tunc* order is an order that has retroactive legal effect. *Patel v. Gonzales,* 432 F.3d 685, 693 (6th Cir.2005). Such an order is appropriate in order to correct technical errors and oversights. It is particularly appropriate in this case, in which Plaintiffs' amended consolidated master class action complaint was timely filed, but simply lacked the corresponding motion seeking leave to reopen the case.

Moreover, there is ample grounds to allow Plaintiffs to amend their complaint. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, the Court should freely grant leave to amend pleadings when justice so requires. Fed.R.Civ.P. 15.

> "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Similarly, "'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance

to amend the complaint before the district court dismisses the action with prejudice.'

(quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)); *see also Coffey*, 2 F.3d

at 162 (observing that 'federal courts must be liberal in allowing parties to amend

their complaints') (quoting *Hayduk v. Lanna*, 775 F.2d 441, 445 (1st Cir. 1985))."

*U.S. ex rel. Bledsoe v. Cmty, Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003).

Here, justice does, in fact, require that this Court grant leave for Plaintiffs to

reopen the case to amend their class complaint. Plaintiffs have alleged serious

constitutional violations perpetrated against an entire class of women incarcerated at

Michigan's Women's Huron Valley Correctional Facility ("WHV") and only by

leave to reopen the case to amend their complaint can their harms be vindicated.

Moreover, there is no apparent or declared reason that should prevent leave to reopen

the case to amend Plaintiffs' complaint. Nor is there undue delay, bad faith, repeated

failure to cure deficiencies, undue prejudice, or futility of the amendment. Rather,

Plaintiffs' amended complaint, as filed on September 25, 2020, includes detailed,

particularized allegations against each named Defendant, specifically in order to

cure the defects identified in this Court's September 4, 2020 Order.

More specifically, in Plaintiffs' Amended Class Action Complaint (Dkt No.

73), Plaintiffs included additional facts detailing the relationships between the WHV

and MDOC Defendants, as well as the particular duties and responsibilities of each

individual Defendant with respect to environmental conditions at WHV. (Am.

Compl. ¶¶ 149-97.) For each Defendant, Plaintiffs also allege (1) that the Defendant knew of the risk of a substantial risk of harm to Plaintiffs, (2) that the Defendant disregarded the risk, and (3) that the Defendant implicitly authorized, approved, or knowingly acquiesced in unconstitutional behavior perpetrated by his or her subordinates.[2] (*Id.* ¶¶ 198-362.).

By way of example, Plaintiffs allege that WHV Deputy Warden Johnson "was aware of the conditions of the WHV facility and knew that such conditions were likely to, and did in fact, foster species of mold," in large part due to personal observation, inmate grievances, and his receipt of Defendant Bullard's Annual Physical Plant Report. (*Id.* ¶¶ 229-33.) Plaintiffs also allege that Defendant Johnson received a letter from a member of the Warden's Forum Committee regarding the failure of the ventilation system on or about September 2018. (*Id.* ¶ 202.) Despite this knowledge, Plaintiffs allege that Defendant Johnson failed to coordinate and administer effective testing of the mold present at the facility; failed to coordinate

---

[2] To set forth a valid claim pursuant to 42 U.S.C. § 1983, Plaintiffs must allege that there was a substantial risk of harm to Plaintiffs, that Defendants knew of the risk, and that Defendants disregarded the risk. *Allen v. Caruso*, No. 08-14252, 2009 WL 3063315, at *5 (E.D. Mich. Sept. 18, 2009). With respect to actions perpetrated by the Defendants' subordinates, Plaintiffs must allege that Defendants implicitly authorized, approved, or knowingly acquiesced in unconstitutional behavior. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984); *see also Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). For Plaintiffs' "failure to train" theory of recovery, Plaintiffs must establish that 1) Defendants' training program was inadequate for the tasks the officials must perform, 2) the inadequacy was the result of Defendants' deliberate indifference, and 3) the inadequacy was closely related to or caused the injury. *Jackson v. City of Cleveland*, 925 F.3d 793, 834–37 (6th Cir. 2019) (citing *Ciminillo v. Steicher*, 434 F.3d 461 (6th Cir. 2006)).

and administer effective methods to eradicate the mold at the facility; failed to advocate for, coordinate, and administer effective facility improvements so as to prevent the growth and spread of mold in the facility; attempted to cover up the presence of mold at the facility; allowed WHV to fall into such disrepair that the ventilation and HVAC systems stopped functioning adequately, among other infrastructural failings, so as to foster a breeding ground for dangerous species of mold; knew about the substantial risk of harm mold and other environmental conditions posed to Plaintiffs and disregarded that risk; and implicitly authorized, approved, or knowingly acquiesced in the systemwide failure to test, treat, repair, and disinfect to prevent and control mold. (*Id.* ¶ 236.) New allegations related to Defendant Johnson's personal inspection walkthroughs exemplify his deliberate indifference, as Plaintiffs allege that he is part of a group of Defendants who state mold is not harmful and instruct maintenance crews to paint over it. (*Id.* ¶ 208.)

Plaintiffs also incorporated new details into their Amended Class Action Complaint that further demonstrate Defendants' active role in the dangerous conditions at WHV. For example, Plaintiffs allege that Defendant Osterhout told inmates to remove approximately 20 buckets and shower curtains from the law library so that inspectors would not examine a leaking roof more closely. (*Id.* ¶¶ 204-05.) Plaintiffs allege that Defendants Brewer, Johnson, and Osterhout complete regular building walkthroughs and instruct maintenance crews, including

Defendants Treppa, Carter, and Bullard, to paint over mold. (*Id.* ¶¶ 208-09.) And Plaintiffs allege that Defendant Brewer tells inmates he is "waiting on the call from Heidi" when they complain about mold and inadequate ventilation at WHV, indicating that Defendant Washington is responsible for fixing such problems. (*Id.* ¶ 225.)

Such allegations should be considered on the merits and Plaintiffs be given an opportunity to vindicate their harms.

## <u>CONCLUSION</u>

Wherefore, Plaintiffs request that this court grant their Motion for Nunc Pro Tunc Order Granting Leave to Reopen Case to File an Amended Class Action Complaint.

Respectfully submitted,

/s/ Beth M. Rivers
**PITT MCGEHEE PALMER & RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing Robinson-Holmes (P81698)
117 W. 4th Street, Suite 200
Royal Oak, MI 48067
P: (248) 398-9800
F: (248) 268-7996
cmcgehee@pittlawpc.com
brivers@pittlawpc.com
crobinson@pittlawpc.com

**NICHOLS KASTER, PLLP**
Matthew H. Morgan (MN 304657)
Rebekah L. Bailey (MN 0389599)

Nicole J. Schladt (MN0400234)
80 South Eighth Street, Ste. 4600
Minneapolis, MN 55402
P: (612) 256-3200
F: (612) 338-4878
morgan@nka.com
bailey@nka.com
nschladt@nka.com

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
1300 Broadway Street, Suite 500
Detroit, MI 48226
P: (313) 777-7LAW
jon@jmarkolaw.com

**LAW OFFICES OF DAVID S.
STEINGOLD, PLLC**
David S. Steingold (P29752)
Samantha M. Baker (P83674)
500 Griswold Street, Suite 2320
Detroit, MI 48226
P: (313) 962-0000
F: (313) 962-0766
detroitdefender@yahoo.com
samanthabaker@thedetroitdefender.com

**EXCOLO LAW, PLLC**
Solomon M. Radner (P73653)
26700 Lahser Road, Suite 401
Southfield, MI 48033
P: (866) 939-2656
F: (866) 571-1020
sradner@excololaw.com

**ON BEHALF OF PLAINTIFFS PEARSON,
SHELDON, AND GARWOOD**

Dated: October 8, 2020        /s/Daniel Randazzo

**LAW OFFICE OF DANIEL RANDAZZO**
Daniel Randazzo (P39935)
2731 South Adams Rd., Ste. 100
Rochester Hills, MI 48309
P: (248) 853-1003
F: (248) 853-1004
Attyrandaz@aol.com

**ON BEHALF OF THE PLAINTIFF SMITH**

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2020 I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system which will send notification of such filing to all parties via same.

Signature:   s/ Carrie Bechill
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
cbechill@pittlawpc.com