UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA BAILEY, KRYSTAL
CLARK and HOPE ZENTZ,
on behalf of themselves
and others similarly situated,

        Plaintiffs,

v.

Case No. 19-13442
District Judge Victoria A. Roberts

MICHIGAN DEPARTMENT OF
CORRECTIONS, HEIDI WASHINGTON,
SHAWN BREWER, RUSSELL MARLAN,
KENNETH MCKEE, LLOYD RAPELJE,
LIA GULICK, DAVID JOHNSON, KARRI
OSTERHOUT, JOSEPH TREPPA, DAN
CARTER, RICHARD BULLARD and
TONI MOORE, in their official and
individual capacities,

        Defendants.
_____/

**ORDER: [1] GRANTING PLAINTIFFS' MOTION FOR ORDER GRANTING LEAVE TO REOPEN CASE TO FILE AMENDED COMPLAINT [ECF No. 77] and [2] DENYING DEFENDANTS' MOTION TO STRIKE [ECF No. 78]**

### I.   INTRODUCTION

Paula Bailey ("Bailey"), Krystal Clark ("Clark"), and Hope Zentz ("Zentz") are inmates at the Women's Huron Valley Correctional Facility ("WHV"). They filed this civil rights action under 42 U.S.C. § 1983.

1

Plaintiffs challenge what they describe as inhumane, dangerous, and unconstitutional conditions endured by women incarcerated at WHV. They allege that Defendants failed to remove or remedy mold in the facility. Plaintiffs say this mold exposure has taken a significant toll on them, both physically and mentally.

In May 2020, the Michigan Department of Corrections ("MDOC") and its employees ("MDOC Employee Defendants") filed a motion to dismiss. [ECF No. 54]. On September 4, 2020, the Court granted the motion. [ECF No. 71]. The Court found that the MDOC had Eleventh Amendment immunity from suit and dismissed it with prejudice. However, the Court dismissed Plaintiffs' complaint without prejudice against the MDOC Employee Defendants because it failed "to tie any specific MDOC Employee Defendant to any specific failing or shortcoming outlined in the amended complaint." The Court permitted Plaintiffs to seek leave to reopen the case and file an amended complaint that "set forth counts and allegations that are specific and which put each Defendant on notice concerning the misconduct alleged against that Defendant, and that demonstrates Plaintiffs' entitlement to relief against that Defendant."

On September 25, 2020, Plaintiffs filed an amendment complaint without first seeking leave to reopen the case and file the complaint. [ECF.

2

No. 73]. After defense counsel pointed out Plaintiffs' failure to seek leave, Plaintiffs filed a motion nunc pro tunc for leave to reopen the case and file an amended complaint. [ECF. No. 75]. The Court struck that motion and Plaintiffs filed a corrected motion nunc pro tunc on October 8, 2020. [ECF. No. 77]. Plaintiffs say that they failed to seek leave before filing the amended complaint due to an "unfortunate oversight."

Defendants filed a motion to strike Plaintiffs' amended complaint. [ECF. No. 78]. And, they oppose the nunc pro tunc request. [ECF No. 80].

II.   DISCUSSION

**A. The Court Grants Plaintiffs' Motion for Leave**

Plaintiffs seek leave to reopen their case and file an amended complaint that complies with the Court's September 4 Order. Defendants argue that because Plaintiffs failed to seek leave *before* the Court's deadline expired, Plaintiffs must demonstrate both good cause and excusable neglect for the Court to allow Plaintiffs to file an amended complaint. Defendants say neither good cause nor excusable neglect is shown by Plaintiffs.

The Court has broad discretion to manage its calendar and affairs. Under Federal Rule of Civil Procedure 6(b), the Court may accept a late filing if a party's delay was the result of "excusable neglect." In determining

excusable neglect, the Court balances five factors: (1) the risk of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the nonmoving party; and (5) whether the late-filing party acted in good faith. *See Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'tship*, 507 U.S. 380, 395 (1993)). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) ... is not limited strictly to omissions caused by the circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co.*, 507 U.S. 380, 395.

Despite the Plaintiffs' procedural defect, the Court accepts their amended complaint. The *Nafziger* factors weigh in their factor. The Court granted Plaintiffs permission to file such a complaint in its September 4 Order. Plaintiffs timely filed — they just failed to seek leave. There is no evidence of bad faith on the part of the Plaintiffs. Plaintiffs' delay had absolutely no effect on judicial proceedings. Also, Defendants are not prejudiced in the least. Accepting Plaintiffs' amended complaint does not prejudice Defendants because it will "do no harm to the [Defendants] except

4

requir[e] [them] to prove their case." *Lacey v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

In considering excusable neglect, the Supreme Court stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not constitute 'excusable' neglect." *Pioneer Inv. Serv. Co.*, 507 U.S. at 392. But the Supreme Court also noted that the concept of "excusable neglect" is an elastic one, indicating that the trial court should use the term as applied to the specific facts of each case and should reach an equitable result. *Id*. Although the delay was within the reasonable control of Plaintiffs' counsel, there is nothing to suggest that they acted in bad faith. The most equitable result is for this Court to allow Plaintiffs' amended complaint. It does so.

### B. The Court Denies Defendants' Motion to Strike

Defendants asks the Court to strike Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 15 because it would not survive a 12(b)(6) motion to dismiss and would be futile. They bill their motion as a motion to strike but improperly rely on Rule 15, which addresses amended and supplemental pleadings. The Court evaluates motions to strike under Fed. R. Civ. P. 12(f).

Rule 12(f) states that "a court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Courts generally disfavor motions to strike and infrequently grant them. A "motion to strike should be granted only when the pleading to be [stricken] has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953). Defendants fail to meet this high burden.

### 1. The Amended Complaint Satisfies Rule 8

The notice pleading requirement of Fed. R. Civ. P. 8(a)(2) requires Plaintiffs to put Defendants on notice of the nature of the specific claims against them.

Defendants say that Plaintiffs' amended complaint makes general and vague allegations against all Defendants. The Court reviewed the amended complaint. Plaintiffs sufficiently satisfy Rule 8 by making clear statements as to how they believe Defendants violate the Eighth and Fourteenth Amendments and commit gross negligence. Plaintiffs set forth a sufficient factual basis with respect to each individual Defendant.

### 2. High Level Officials Argument

Defendants argue that Plaintiffs' complaint against certain high level MDOC Employees under a *respondeat superior* theory of liability is not

actionable under 42 U.S.C. § 1983. These Defendants are: Director Washington; Deputy Director McKee; Assistant Deputy Director Bush; Deputy Director Gulick; Physical Plant Division Administrator Vallad; and Defendant Moore.

The Court reviewed the amended complaint. Plaintiffs allege personal knowledge of each of these Defendants and their failure to act or take corrective measures to prevent the spread of mold at WHV that contributed to Plaintiffs' injuries.

### III. CONCLUSION

The Court **GRANTS** Plaintiffs' Motion for Leave and **DENIES** Defendants' Motion to Strike.

**ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 31, 2021