UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA BAILEY, et al.,

              Plaintiffs,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

              Defendants.

                              /

Case No. 2:19-cv-13442

HONORABLE STEPHEN J. MURPHY, III

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT [177] AND DENYING AS MOOT MOTION TO STAY [178]

Plaintiffs Paula Bailey, Krystal Clark, and Hope Zentz sued Defendants Heidi Washington, Shawn Brewer, Russell Marlan, Kenneth McKee, Lloyd Rapelje, Lia Gulick, David Johnson, Karri Ousterhout, Joseph Treppa, Dan Carter, Richard Bullard, Toni Moore, Ed Vallard, Jeremy Bush, Jeremy Howard, and Joel Dreffs. ECF 161. Plaintiffs alleged that Defendants were deliberately indifferent to Plaintiffs' medical needs because they failed to replace or repair the ineffective ventilation system at the Huron Valley Women's Prison (WHV) and that the failure caused serious harm to Plaintiffs. ECF 161, PgID 3425. Defendants moved for summary judgment and argued that Plaintiffs failed to properly exhaust their administrative remedies. ECF 177. Defendants also moved to stay the case pending the resolution of the summary judgment motion. ECF 178. For the reasons below, the Court will deny both motions.

1

## BACKGROUND

Plaintiffs alleged that subpar ventilation within WHV fostered poor air quality and dangerous breathing conditions, allowed mold to thrive, and exacerbated allergen and chemical fume exposure. ECF 161, PgID 3373. According to Plaintiffs, those conditions negatively affected the health of the women incarcerated at WHV. *Id.* at 3374, 3394–400, 3406–17.

After Plaintiffs filed their initial complaint, ECF 1, Defendants moved to dismiss, ECF 54. Defendants also moved for summary judgment for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, *et seq*. ECF 56. The Court denied the summary judgment motion because there was a genuine issue of fact as to whether Plaintiffs had exhausted their administrative remedies under the PLRA. ECF 69, PgID 1025. But the Court granted the motion to dismiss because Plaintiffs failed to plead facts against each individual Defendant and instead referred to them collectively as the Michigan Department fo Corrections (MDOC) Defendants. ECF 71, PgID 1065. The Court allowed Plaintiffs to amend the complaint to address the pleading insufficiency. *Id.*

Plaintiffs accordingly filed an amended complaint. ECF 73. Defendants then moved for judgment on the pleadings on the grounds that the Defendants were entitled to qualified immunity, that dangerous levels of mold do not exist at WHV, and that gross negligence is not a cause of action under Michigan law. ECF 152. The Court granted the motion and dismissed the case without prejudice, reasoning that the right to be free from mold exposure was not clearly established. But the Court

again allowed Plaintiffs to file a second amended complaint that cured the deficiencies because the right for inadequate ventilation to be reasonably addressed was established. ECF 160, PgID 3361–62.

Plaintiffs then filed a second amended complaint and alleged violations of the Eighth and Fourteenth Amendments, as well as negligence against certain Defendants, all based on the alleged inadequate ventilation at WHV. ECF 161. Soon after, the case was reassigned, and the Court scheduled discovery to close on September 27, 2024, with dispositive motions due by October 25, 2024. ECF 174. Defendants again moved for summary judgment on the ground that Plaintiffs failed to exhaust their administrative remedies under the PLRA. ECF 177. Defendants also moved to stay discovery pending resolution of the motion for summary judgment. ECF 178.

## LEGAL STANDARD

The Court must grant a summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must point to specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, the Court must view the facts and draw all reasonable inferences "in the light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

The Court will deny the motion for summary judgment because "sufficient questions of fact exist surrounding exhaustion, making summary judgment inappropriate." ECF 69, PgID 1025.

Under the PLRA, a prisoner who brings an action to contest prison conditions must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). Prisoners must exhaust remedies even if they cannot obtain the specific type of relief they seek in the State administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 15 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). Proper exhaustion requires prisoners to complete the administrative review process within deadlines and abide by other applicable procedural rules. *See Jones v. Bock*, 549 U.S. 199 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

"Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

Defendants already moved for summary judgment based on Plaintiffs' alleged failure to exhaust their administrative remedies. *See* ECF 56. Defendants argued in that motion that (1) Plaintiff Bailey's grievances were untimely; (2) that all Plaintiffs' grievances failed to name each Defendant; (3) that Plaintiffs' grievances were rejected, thereby precluding suit; and (4) that the grievances did not address the full extent of Plaintiffs' claims. *Id.* The Court rejected each argument and denied summary judgment. *See* ECF 69. Defendants again moved for summary judgment after Plaintiffs amended the complaint and argued that Plaintiffs Clark and Zentz failed to exhaust their administrative remedies because they did not specifically complain about improper ventilation. ECF 177, PgID 3657. Defendants also argued that Plaintiff Bailey failed to exhaust her administrative remedies because her grievances that referenced ventilation were untimely, rejected, failed to name each Defendant, and addressed ventilation only on appeal and not the initial grievance. *Id.* at 3659. Defendants' motion, ECF 177, which is largely duplicative of its first motion, ECF 56, relies on the assumption that the grievances—which the Court already found sufficient to support Plaintiffs' claims—were insufficient to support Plaintiffs' claims now that they have identified improper ventilation as the cause of the mold. Not so.

First, to the extent Defendants' arguments are duplicative of the arguments made in its first motion, ECF 56, the Court will incorporate in full the reasoning in

its previous Order, ECF 69. Next, Defendants argued that Plaintiffs did not properly exhaust their administrative remedies because the issues raised in the lawsuit must be limited to the issues raised in Plaintiffs' grievances. ECF 177, PgID 3657–58, 3660 (citing *Vandiver v. Martin*, 48 F. App'x 517, 519 (6th Cir. 2002). Specifically, Defendants argued that the grievances should have expressly identified ventilation. *See, e.g., id.* at 3657. But the Court already ruled that "grievances [that] note[d] the adverse symptoms resulting from alleged mold exposure at WHV" are sufficient to support Plaintiffs' claims of mold exposure. ECF 69, PgID 1024. The same principal applies here, even when Plaintiffs have identified poor ventilation as the cause of the mold exposure and as a contributing cause of their health issues. Indeed, exhaustion should "provide prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94. And the grievances here provided WHV with a fair opportunity to investigate the health conditions and the mold exposure—which naturally should involve an investigation into the cause of the mold and the cause of the health conditions at issue.

Similarly, the PLRA does not require Plaintiffs to differentiate between the consequence of the condition and its cause. According to MDOC policy, Plaintiffs' grievances need only address the "unsatisfactory conditions of confinement," ECF 177, PgID 3650, or the "facts involving the issue," *id.* at 3655. And the mold, ventilation, and underlying health conditions are all the same "condition" or "issue." Therefore, for the reasons stated in the Court's prior Order, Plaintiffs demonstrated "sufficient appropriate efforts to comply with administrative procedures" to survive

summary judgment. ECF 69, PgID 1025. The Court will deny Defendants' motion for summary judgment.

The Court will also deny as moot Defendants' motion to stay the case pending a resolution of the summary judgment motion.

## AMEND THE CASE CAPTION

As a final matter, the Court notes that the complexity of the case—with many amended pleadings, additional parties, and motions—resulted in understandable confusion as to the parties and claims that remain. The Amended Complaint, ECF 161, is the operative complaint. And the parties' recent motion practice listed Defendants consistent with the Defendants named in the Amended Complaint. *Compare* ECF 161 *with* ECF 177. The Court will therefore order the Clerk of the Court to amend the case caption and remove the Michigan Department of Corrections to reflect the controlling complaint. *See* ECF 71, PgID 1062 (dismissing claims against MDOC).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion for summary judgment [177] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to stay [178] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **AMEND** the case caption and **REMOVE** Defendant Michigan Department of Corrections from the

7

caption.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 26, 2024