UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA BAILEY, individually, and
KRYSTAL CLARK, and HOPE
ZENTZ, on behalf of themselves
and others similarly situated,

    Plaintiffs,

v.

HEIDI WASHINGTON, JEREMY
HOWARD, SHAWN BREWER,
KENNETH MCKEE, JEREMY
BUSH, LIA GULICK, ED VALLAD,
DAVID JOHNSON, KARRI
OSTERHOUT, JOSEPH TREPPA,
DAN CARTER, JOEL DREFFS,
RICHARD BULLARD, and TONI
MOORE, in their official and
individual capacity,

    Defendants.

No. 2:19-cv-13442

HON. STEPHEN J. MURPHY, III

MAG. ELIZABETH A. STAFFORD

**DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION**

---

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7LAW
jon@jmarkolaw.com

**NICHOLS KASTER, PLLP**
Matthew H. Morgan (MN304657)
Rebekah L. Bailey (MN0389599)
80 South Eight Street, Ste 4700
Minneapolis, MN 55402
(612) 256-3200

**Michigan Dep't of Attorney General**
Joshua S. Smith (P63349)
Kristin M. Southerland (P64353)
John L. Thurber (P44989)
Michael R. Dean (P71333)
Jennifer A. Foster (P75947)
Sara E. Trudgeon (P82155)
William J. Predhomme II (P81527)
Assistant Attorneys General
Attorneys for Defendants Brewer, Bush,
  Bullard, Carter, Dreffs, Gulick, Howard,
  Johnson, McKee, Moore, Osterhout,
  Treppa, Vallad & Washington

morgan@nka.com
bailey@nka.com

**PITT MCGEHEE PALMER & RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing Robinson-Holmes (P81698)
117 W. 4th Street, Ste 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com
brivers@pittlawpc.com
crobinson@pittlawpc.com

**LAW OFFICES OF DAVID S. STEINGOLD, PLLC**
David S. Steingold (P29752)
Samantha Baker (P83674)
500 Griswold Street, Ste. 2320
Detroit, MI 48226
(313) 962-0000
detroitdefender@yahoo.com

**EXCOLO LAW, PLLC**
Ari Kresch (P29593)
26700 Lahser Road, Ste. 301
Southfield, MI 48033
(866) 939-2656
akresch@1800lawfirm.com

**THE LAW OFFICE OF KEITH ALTMAN**
Solomon A. Radner (P73653)
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(248) 987-8929
solomonradner@kaltmanlaw.com

*Attorneys for Plaintiffs & the Putative Classes*

Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Deanm2@michigan.gov
Smithj191@michigan.gov

/

# DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION

Michael R. Dean
Assistant Attorney General
Attorney for Defendants Brewer,
Bush, Bullard, Carter, Dreffs,
Gulick, Howard, Johnson, McKee,
Moore, Osterhout, Treppa, Vallad
& Washington
Corrections Division
P.O. Box 30217
(517) 335-3055
deanm2@michigan.gov
P71333

Dated: April 2, 2025

## STATEMENT OF FACTS

On October 30, 2024, this Court held an evidentiary hearing to determine whether Plaintiffs Paula Bailey, Krystal Clark, and Hope Zentz had exhausted their administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Following the hearing and post-hearing briefs, Magistrate Judge Elizabeth A. Stafford issued a report and recommendation. (ECF 223, PageID.4897–84.) Magistrate Judge Stafford recommended that this Court deny Defendants' motion for summary judgment for failure to exhaust because "Defendants failed to sustain their burden of showing by a preponderance of the evidence that plaintiffs failed to exhaust their administrative remedies." (*Id.* at PageID.4883.)

Pursuant to 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), and E.D. Mich. LR 72.1(d), Defendants Heidi Washington, Shawn Brewer, Richard Bullard, Dan Carter, Lia Gulick, David Johnson, Kenneth McKee, Karri Osterhout, Toni Moore, Joseph Treppa, Ed Vallad, Jeremy Bush, Jeremy Howard, and Joel Dreffs, make the following timely objections to Magistrate Judge Stafford's report and recommendation.

# ARGUMENT

## I. Objection No. 1: Defendants provided evidence in support of their claims.

The report and recommendation noted that Defendants identified four factual issues for determination at an evidentiary hearing:

1. Whether Bailey's grievance 1116 that plaintiffs rely on is a true grievance (ECF No. 192, PageID.4300, 4303-4304);
2. Whether plaintiffs' grievances were properly rejected as joint grievances (*id*., PageID.4301, 4303-4304);
3. Whether plaintiffs' grievances put MDOC on notice of the claims of inadequate ventilation in their grievances (*id*., PageID.4301);
4. Whether plaintiffs' grievances were insufficient because they did not name defendants (*id*., PageID.4302).

(ECF No. 223, PageID.4861.) The report and recommendation found that "defendants presented *no factual evidence at all* to sustain their burden of proof on the issues they outlined." (ECF No. 223, PageID.4861.) (Emphasis in original.) This recommended finding is not supported by the evidentiary record.

This Court ordered the parties to exchange witness and exhibit lists, stating that "[a]ll proposed exhibits identified in the exhibit lists that are not objected to by October 23, 2014, will be admitted into evidence." Defendants sent an exhibit list containing nine exhibits, lettered A through I. (Ex. A, Defendants' witness and exhibit list.)

Because Plaintiffs did not object to any of Defendants' proposed exhibits, all of them were admitted into evidence. In addition, Defendants elicited testimony on each of their exhibits:

> Ex. A: ECF No. 213, PageID.4655, 4663, 4666.
> Ex. B: *Id.* at PageID.4664, 4666–68.
> Ex. C: *Id.* at PageID.4667–69.
> Ex. D: *Id.* at PageID.4670, 4672.
> Ex. E: *Id.* at PageID.4672–73.
> Ex. F: *Id.* at PageID.4673–74.
> Ex. G: *Id.* at PageID.4669–70.
> Ex. H: *Id.* at PageID.4669.
> Ex. I: *Id.* at PageID.4566–74, 4577.

Plaintiffs also exchanged a witness and exhibit list that contained 31 exhibits, including all of the grievances Defendants relied upon. (Ex. B, Plaintiffs' witness and exhibit list.) Defendants did not object to any of their proposed exhibits and all of them were admitted into evidence. (ECF No. 213, PageID.4601–02.)

Furthermore, as the hearing transcript noted with regard to the parties' exhibits, "All Exhibits Admitted Via Previous Order." (ECF No. 213, PageID.4561.) The grievances themselves constitute evidence. Accordingly, the report and recommendation erred in holding that Defendants failed to present any factual evidence to support their arguments.

In addition, the factual evidence introduced was sufficient to sustain their burden. The documentary evidence alone was sufficient to sustain Defendants' burden to show that Plaintiffs failed to exhaust their administrative remedies under the PLRA. *Whitehead v. Wetzel*, 720 F. App'x 657, 662–63 (3d Cir. 2017). Moreover, additional evidence could have been deemed unnecessarily cumulative and excluded under Fed. R. Evid. 403. *Blanton v. Elo*, 186 F.3d 712, 716 (6th Cir. 1999). As such, at the evidentiary hearing, Defendants focused on areas where there was no evidence, particularly the availability of administrative remedies at Women's Huron Valley Correctional Facility (WHV) via the testimony of Richard Russell and Latasha Boa. (ECF No. 213, PageID.4565–4712.)

Regardless, Defendants elicited testimony at the hearing on each of their exhibits, including the grievances at issue. (*Id.* at PageID.4566–74, 4577, 4655, 4664, 4666–70, 4672–74.) And the witnesses testified on each of the four points at issue in the hearing. For example, there was testimony at the hearing regarding Bailey's grievance 1116. (*Id.* at PageID.4655–56, 4663.) Similarly, the magistrate judge heard testimony regarding the rejection of grievances

on grounds that they constituted joint grievances. (*Id.* at PageID.4621, 4624, 4645–48, 4651.) There was also testimony regarding the two grievances—0929 and 1116—by one Plaintiff—Bailey—that mentioned ventilation. (*Id.* at PageID.4655–56, 4663, 4688–89.) And testimony was adduced on the lack of named Defendants in the grievances. (*Id.* at 4619, 4660, 4669–70, 4672–74, 4688, 4695–96.)

Simply put, there was evidence on each of the four points identified by the report and recommendation, in the form of both documentary evidence and testimony. The report and recommendation could conclude that the evidence was insufficient to sustain Defendants' burden—a conclusion that Defendants contest—but the recommended finding that "defendants presented *no factual evidence at all* to sustain their burden of proof on the issues they outlined" has no basis in the record. (ECF No. 223, PageID.4861.)

Defendants' evidence was sufficient to sustain their burden of proof. The record evidence showed that Plaintiffs' grievances made no mention of the myriad of issues they have alleged in their complaint. Two of Bailey's grievances mentioned ventilation. (ECF No. 56-3, PageID.665; ECF No. 62-5, PageID.926; ECF No. 177-4, PageID.3873.)

One of Bailey's grievances mentioned mold, which this Court already held is not actionable. (ECF No. 56-3, PageID.665; ECF No. 160, PageID.3360–61.) But no mention is made of leaky windows, the HVAC system, building roofs, and so forth. The fact remains that, at best, one Plaintiff—Bailey—grieved ventilation in grievances 0929 and 1116, but only at step II.

Clark and Zentz, however, failed to grieve ventilation or any of the other issues in the complaint, and they must be dismissed from this case. Thus, Bailey would be the only remaining Plaintiff, and inadequate ventilation would be her only remaining claim. Accordingly, this Court should decline to adopt the report and recommendation, and, instead, find that Clark and Zentz did not exhaust their administrative remedies, and that Bailey exhausted only as to ventilation.

**II.     Objection No. 2: MDOC witness Richard Russell did not misrepresent MDOC policy.**

Defendants presented Russell, MDOC's grievance section administrator, to testify on MDOC's grievance policy. (ECF No. 213, PageID.4565–54.) In addition to direct and cross-examination, the magistrate judge had several questions for Russell. (*Id*. at PageID.4644–51.) In the report and recommendation, the magistrate

judge stated that Russell's testimony was "a misrepresentation" of MDOC policy. Although Russell's testimony may not have been a model of clarity, he did not misrepresent MDOC policy.

The report and recommendation specifically faults Russell for stating that prisoners could exhaust conditions of confinement grievances via the warden's forum and then "appeal to court." (ECF No. 223, PageID.4879–81.) The report and recommendation found, however, that PD 03.02.130, at ¶ J(9), states that "a prisoner with 'a concern with the content of a policy or procedure' may direct her concerns to the warden's forum." (ECF No. 223, PageID.4880 (citing ECF No. 56-2, PageID.603).) It further notes that two cases have held that the warden's forum is not a proper avenue for exhaustion, citing to *Berryman v. Haas*, No. 19-1484, 2020 WL 6325553, at *2 (6th Cir. May 11, 2020) and *Palmer v. Elrod*, No. CV 16-13665, 2017 WL 9472756, at *2 (E.D. Mich. Aug. 9, 2017), *report and recommendation adopted*, No. 16-13665, 2017 WL 4230655 (E.D. Mich. Sept. 25, 2017).

There are several problems with this analysis. First, one of the cases cited by the report and recommendation is not entirely on point. In *Berryman*, the Sixth Circuit affirmed the dismissal of the case due to

the plaintiffs' failure to exhaust. *Berryman*, 2020 WL 6325553 at *1. Instead of pursing their claim through the prison's grievance process, the plaintiffs utilized the warden's forum. *Id.* at *2. Because the warden's forum was only for "challenging a prison policy or procedure," which was not the focus of the plaintiffs' claims, the district court dismissed for failure to exhaust. *Id.* But the district court also held that plaintiffs' "question to the Warden's Forum was so general that it would not satisfy the exhaustion requirement even assuming that submitting via the Warden's Forum rather than the proper grievance procedure could be excused in light of the grievance coordinator's misinformation." *Id.* In addition, the plaintiffs filed suit "before they had received a response to their Warden's Forum inquiry." *Id.* Accordingly, there were other problems with the plaintiffs' grievance than merely utilizing the warden's forum.

Second, Russell is not an attorney. Indeed, he testified to this, as acknowledged by the report and recommendation. (ECF No. 213, PageID.4650–51; ECF No. 223, PageID.4879.) Russell would not, therefore, know what constitutes exhaustion under the PLRA. He may

have been mistaken regarding MDOC policy, but he did not make a misrepresentation.[1]

These words are important. "Misrepresentation" means "a false or misleading statement or a material omission which renders other statements misleading, with intent to deceive." See https://www.law.cornell.edu/wex/misrepresentation.[2] Similarly, "misrepresent" means "to give a false or misleading representation of usually with an intent to deceive or be unfair." See https://www.merriam-webster.com/dictionary/misrepresentation.[3] Thus, an intent to deceive is a touchstone of a "misrepresentation." Here, there is nothing in the record to indicate that Russell testified "with an intent to deceive." The report and recommendation

---

[1] For good or ill, people make mistakes. For instance, the report and recommendation cites to ¶ J(9) of PD 03.02.130. (ECF No. 223, PageID.4880.) Paragraph J(9), however, concerns "grieving a decision made in a Class I misconduct hearing or other hearings conducted by Administrative Law Judges (ALJ's) employed by the Michigan Department of Licensing and Regulatory Affairs (LARA)." (ECF No. 56-2, PageID.603, ¶ J(9).) Instead, the text to which the report and recommendation refers to is located in ¶ J(8). (ECF No. 56-2, PageID.603, ¶ J(8).)

[2] Last visited March 31, 2025.

[3] Last visited March 31, 2025.

mischaracterized Russell's testimony and this Court should not adopt that portion of it.

### III. Objection No. 3: The report and recommendation reaches conclusions about MDOC as a whole that are broader than the issues presented.

The issues presented in this case concern the conditions of confinement for two current prisoners (Clark and Zentz) and one former (Bailey) prisoner at a single MDOC facility (WHV).[4] (ECF No. 161, PageID.3371–76, ¶¶1–20.) The issue in the present motion is whether the three Plaintiffs exhausted their administrative remedies at WHV. (ECF No. 177, PageID.3639–61; ECF No. 182, PageID.4003–10; ECF No. 192, PageID.4296–304.) This Court referred the issue to the magistrate judge to conduct an evidentiary hearing. (ECF No. 200, PageID.4344.) And the evidence presented at that hearing, in the form of documents and testimony, relate solely to whether Bailey, Clark, and Zentz exhausted their administrative remedies, pursuant to MDOC grievance policy, on the claims brought in this case while incarcerated at WHV.

---

[4] Although Plaintiffs purport to be "class representatives," in over six years of litigation, they have not moved for class certification.

The report and recommendation, however, goes far beyond the narrow confines of this issue and makes recommended findings as to MDOC as a whole, including facilities other than WHV. For instance, the report and recommendation discusses implementing the prison mailbox rule for "facilities within the MDOC." (ECF No. 223, PageID.4872.) It further states that "MDOC could use that same system for grievances . . ." (*Id.*) It then recommends that this "Court should find that, 'absent contrary evidence,' a prisoner has filed her grievance documents on the date she signed them." (*Id.* at PageID.4873 (quoting *Brand*, 526 F.3d at 925).)

But the prison mailbox rule, and its potential for application to MDOC's grievance process is not before this Court, nor was it referred to the magistrate judge. Instead, this Court referred an "Evidentiary Hearing on Issue of Exhaustion" to the magistrate judge. (ECF No. 200, PageID.4344.) As part of that referral, the magistrate judge can recommend that the grievance process was unavailable to Bailey, Clark, and Zentz based on the timelines established by MDOC policy and internal mailing procedures at WHV. But it was improper to extrapolate that recommendation beyond the three named Plaintiffs,

beyond WHV, and beyond the specific grievances at issue. And there is no authority to make a recommendation for all MDOC facilities and all MDOC prisoners. As such, this Court should not adopt that part of the report and recommendation.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, this Court should decline to adopt the report and recommendation and instead find that Defendants sustained their burden of proof. It should grant Defendants' motion for summary judgment because Plaintiffs failed to exhaust their administrative remedies under the PLRA.

                                                  Respectfully submitted,

                                                */s/ Michael R. Dean*
                                                Assistant Attorney General
                                                Attorney for Defendants Brewer, Bush, Bullard, Carter, Dreffs, Gulick, Howard, Johnson, McKee, Moore, Osterhout, Treppa, Vallad & Washington
                                                Corrections Division
                                                P.O. Box 30217
                                                (517) 335-3055
                                                deanm2@michigan.gov
                                                P71333

Dated: April 2, 2025

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on April 2, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Michael R. Dean*
Assistant Attorney General
Attorney for Defendants Brewer,
Bush, Bullard, Carter, Dreffs,
Gulick, Howard, Johnson, McKee,
Moore, Osterhout, Treppa, Vallad
& Washington
Corrections Division
P.O. Box 30217
(517) 335-3055
deanm2@michigan.gov
P71333