UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA BAILEY, individually, and
KRYSTAL CLARK, and HOPE
ZENTZ, on behalf of themselves
and others similarly situated,

No. 2:19-cv-13442

          Plaintiffs,

HON. STEPHEN J. MURPHY, III

v.

MAG. ELIZABETH A. STAFFORD

HEIDI WASHINGTON, JEREMY
HOWARD, SHAWN BREWER,
KENNETH MCKEE, JEREMY
BUSH, LIA GULICK, ED VALLAD,
DAVID JOHNSON, KARRI
OSTERHOUT, JOSEPH TREPPA,
DAN CARTER, JOEL DREFFS,
RICHARD BULLARD, and TONI
MOORE, in their official and
individual capacity,

**REPLY IN SUPPORT OF
DEFENDANTS' OBJECTIONS TO
REPORT AND
RECOMMENDATION**

          Defendants.

_____

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7LAW
jon@jmarkolaw.com

**NICHOLS KASTER, PLLP**
Matthew H. Morgan (MN304657)
Rebekah L. Bailey (MN0389599)
80 South Eight Street, Ste 4700
Minneapolis, MN 55402
(612) 256-3200

**Michigan Dep't of Attorney General**
Joshua S. Smith (P63349)
Kristin M. Southerland (P64353)
John L. Thurber (P44989)
Michael R. Dean (P71333)
Jennifer A. Foster (P75947)
Sara E. Trudgeon (P82155)
William J. Predhomme II (P81527)
Assistant Attorneys General
Attorneys for Defendants Brewer, Bush,
  Bullard, Carter, Dreffs, Gulick, Howard,
  Johnson, McKee, Moore, Osterhout,
  Treppa, Vallad & Washington

morgan@nka.com
bailey@nka.com

**PITT MCGEHEE PALMER &
RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing Robinson-Holmes
(P81698)
117 W. 4th Street, Ste 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com
brivers@pittlawpc.com
crobinson@pittlawpc.com

**LAW OFFICES OF DAVID S.
STEINGOLD, PLLC**
David S. Steingold (P29752)
Samantha Baker (P83674)
500 Griswold Street, Ste. 2320
Detroit, MI 48226
(313) 962-0000
detroitdefender@yahoo.com

**EXCOLO LAW, PLLC**
Ari Kresch (P29593)
26700 Lahser Road, Ste. 301
Southfield, MI 48033
(866) 939-2656
akresch@1800lawfirm.com

**THE LAW OFFICE OF KEITH
ALTMAN**
Solomon A. Radner (P73653)
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(248) 987-8929
solomonradner@kaltmanlaw.com

*Attorneys for Plaintiffs & the
Putative Classes*

Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Deanm2@michigan.gov
Smithj191@michigan.gov

/

**REPLY IN SUPPORT OF DEFENDANTS' OBJECTIONS TO
REPORT AND RECOMMENDATION**

Michael R. Dean
Assistant Attorney General
Attorney for Defendants Brewer,
Bush, Bullard, Carter, Dreffs,
Gulick, Howard, Johnson, McKee,
Moore, Osterhout, Treppa, Vallad
& Washington
Corrections Division
P.O. Box 30217
Lansing, Michigan 48909
(517) 335-3055
Deanm2@michigan.gov
P71333

Dated:  April 23, 2025

1

**INTRODUCTION**

Plaintiffs respond not to the objections Defendants made so much as the objections Plaintiffs would like them to have made.  Contrary to Plaintiffs' assertions, the report and recommendation erred in stating that "defendants presented *no factual evidence at all* to sustain their burden of proof on the issues they outlined."  (ECF No. 223, PageID.4861.) (Emphasis in original.)  It also erred in recommending that Defendants did not present sufficient evidence to sustain their burden of showing that Plaintiffs failed to exhaust their administrative remedies.  (ECF No. 226, PageID.4914.)  In addition, the report and recommendation went far beyond the scope of the evidentiary hearing, finding that a witness misrepresented policy to the Court and reaching conclusions that had no basis in the evidence introduced by the parties.  As argued in their objections, ECF No. 226, and below, this Court should sustain Defendants' objections.

**ARGUMENT**

**I.    Reply in support of Objection No. 1: Defendants provided evidence in support of their claims.**

Plaintiffs argue that the report and recommendation did not mean what it said and merely held that Defendants did not present sufficient

2

evidence to sustain their burden of proof.  (ECF No. 227, PageID.4927–4928.)  But this argument does not comport with the actual language of the report and recommendation, which stated that "defendants presented *no factual evidence at all* to sustain their burden of proof on the issues they outlined."  (ECF No. 223, PageID.4861.) (Emphasis in original.)  Defendants, however, presented nine exhibits at the hearing and at least one of their witnesses, Richard Russell or Latasha Boa, testified on each of them.  (ECF No. 213, PageID.4566–4574, 4577, 4655, 4663–4664, 4666–4670, 4672–4674.)  In addition, either Russell or Boa testified on each of the four factual issues at the hearing.  (*Id.* at PageID.4566–74, 4577, 4619, 4621, 4624, 4645–4648, 4651, 4655–4674, 4688–4689, 4695–4696.)

The record shows that Defendants presented evidence on each of the points at issue in the hearing.  Accordingly, the recommendation that "defendants presented *no factual evidence at all* to sustain their burden of proof on the issues they outlined" has no basis in the record.  (ECF No. 223, PageID.4861.)  For that matter, nor does the conclusion that Defendants did not introduce sufficient evidence to sustain their burden of proof.  This Court should therefore sustain

3

Defendants' first objection, find that Defendants presented factual

evidence in support of their case, and that Defendants' evidence was

sufficient to sustain their burden of proof.

## II.   Reply in support of Objection No. 2: MDOC witness Richard Russell did not misrepresent MDOC policy.

Plaintiffs accuse Defendants of "word parsing," while ignoring

that words have meaning.  (ECF No. 227, PageID.4932.)  Here, the

report and recommendation stated that Russell's testimony regarding

grievance procedures was "a misrepresentation."  (ECF No. 223,

PageID.4881.)  As pointed out in Defendants' objections,

"misrepresentation" connotes an intent to deceive.  (ECF No. 226,

PageID.4911–12.)  Plaintiffs attempt to counter this by noting that one

of the definitions cited by Defendants states that "misrepresent" only

"usually" includes "an intent to deceive or be unfair."  (ECF No. 227,

PageID.4932 n.8 (quoting https://www.merriam-

webster.com/dictionary/misrepresentation).)  If the word

"misrepresentation" does not include an intent to deceive, then

Plaintiffs should agree with Defendants' objection and stipulate that

Russell's testimony regarding whether the warden's forum was a proper

avenue to exhaust grievances was a mistake rather than a

4

misrepresentation.  Their unwillingness to do so belies their argument regarding the meaning of "misrepresentation."

Plaintiffs further argue that this Court should defer to the magistrate judge because she had the opportunity to observe Russell and evaluate his credibility.  (ECF No. 227, PageID.4932 (citing *United States v. Vaughn*, 429 F. Supp. 3d 499, 506–07 (E.D. Tenn. 2019)).)[1] This analysis is flawed, however, because the report and recommendation does not state that its conclusion that Russell's testimony was a "misrepresentation" of MDOC policy was based on an assessment of his credibility.  Rather, it is offered as a statement of fact without record support.

Moreover, even if it were a matter of evaluating Russell's credibility, that would not be dispositive.  The deference afforded to a finder of fact is not absolute because it must be supported by the record. *Ndiaye v. Gonzales*, 150 Fed. App'x 407, 411 (6th Cir. 2005) (vacating an administrative decision because the record failed to support the immigration judge's credibility determination).  And a credibility

---

[1] *Vaughn* involved a hearing on a motion to suppress evidence under a probable cause standard.  *Vaughn*, 429 F. Supp. 3d at 505–07.

determination can be reversed where it has "no legally sufficient evidentiary basis." *United States v. Thoms*, 684 F.3d 893, 896 (9th Cir. 2012). Here, although the record may support a finding that Russell was mistaken with regard to MDOC policy, nothing in the record supports a finding that Russell intended to deceive the Court. Accordingly, the Court should sustain Defendants' objection.

## III. Reply in support of Objection No. 3: The report and recommendation reaches conclusions about MDOC as a whole that are broader than the issues presented.

Plaintiffs' response to Defendants' third objection, in their own words, misses the mark. They agree that the only issue before the Court was whether the three named Plaintiffs exhausted their administrative remedies. (ECF No. 227, PageID.4934 n.7.) This should be sufficient to sustain Defendants' objection that the report and recommendation's conclusions about MDOC as a whole were outside the scope of hearing. Instead of reaching the only logical conclusion, Plaintiffs ask this Court to adopt recommended findings wholly unrelated to the present case and beyond the record before the magistrate judge.

6

Plaintiffs also claim that Defendants "do not specify which findings are erroneous" or "cite a single case supporting their position," and "simply disagree with the result . . ."  (ECF No. 227, PageID.4934.) These assertions are simply wrong.

Defendants stated the exact portions of the report and recommendation to which they objected, namely "recommended findings as to MDOC as a whole, including facilities other than [Women's Huron Valley Correctional Facility (WHV)] and "recommendation[s] beyond the three named Plaintiffs, beyond WHV, and beyond the specific grievances at issue." (ECF No. 226, PageID.4913–4914.)  As such, Defendants' third objection is not an improper general objection to the result, *Cole v. Yukins*, 7 Fed. App'x 354, 356 (6th Cir. 2001), but an objection to specific findings in the report and recommendation that "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

Plaintiffs similarly fault Defendants for not citing any case law stating that the conclusions in a report and recommendation must be limited to the issues before the magistrate judge.  It is axiomatic,

7

however, that a court can only issue a holding based on the evidence and issues before it.  See, e.g., *Azar v. Allina Health Servs.*, 587 U.S. 566, 579 (2019) (noting that "the briefing before us focused on the issue whether the Medicare Act borrows the APA's interpretive-rule exception, and we limit our holding accordingly.").  A court cannot decide matters not presented to it.  *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 65 n.19 (1989) ("[W]e cannot properly reach out and decide matters not before us.")

Here, the issues before the magistrate judge were limited to whether the three Plaintiffs, two current and one former prisoner at WHV, exhausted their administrative remedies under the Prison Litigation Reform Act (PLRA).  (ECF No. 177, PageID.3639–3661; ECF No. 182, PageID.4003–4010; ECF No. 192, PageID.4296–4304; ECF No. 200, PageID.4344.)  For this reason, the evidence presented by both sides at the hearing pertained solely to whether Plaintiffs exhausted their administrative remedies, pursuant to MDOC grievance policy, on the claims brought in this case while incarcerated at WHV.  Because the magistrate judge's recommendations stray beyond the limits of the

8

hearing, extending to MDOC as a whole and other correctional facilities, this Court should decline to adopt them.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above and in Defendants' objections ECF No. 226, this Court should sustain Defendants' objections.  It should decline to adopt the report and recommendation, find that Defendants sustained their burden of proof, and grant Defendants' motion for summary judgment because Plaintiffs failed to exhaust their administrative remedies under the PLRA.

Respectfully submitted,

*/s/ Michael R. Dean*
Assistant Attorney General
Attorney for Defendants Brewer, Bush, Bullard, Carter, Dreffs, Gulick, Howard, Johnson, McKee, Moore, Osterhout, Treppa, Vallad & Washington
Corrections Division
P.O. Box 30217
Lansing, Michigan 48909
(517) 335-3055
Deanm2@michigan.gov
P71333

Dated:  April 23, 2025

9

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on April 23, 2025, I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.

_/s/ Michael R. Dean_
Assistant Attorney General
Attorney for Defendants Brewer,
Bush, Bullard, Carter, Dreffs,
Gulick, Howard, Johnson, McKee,
Moore, Osterhout, Treppa, Vallad
& Washington
Corrections Division
P.O. Box 30217
Lansing, Michigan 48909
(517) 335-3055
Deanm2@michigan.gov
P71333
