UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA BAILEY, et al.,

        Plaintiffs,

v.

HEIDI WASHINGTON, et al.,

        Defendants.

                              /

Case No. 2:19-cv-13442

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS [226] AND
ADOPTING REPORT AND RECOMMENDATION [223]**

Plaintiffs sued Defendants over dangerous conditions at the Huron Valley Correctional Facility for Women. ECF No. 161, PageID.3444. Defendants twice moved for summary judgment and argued that Plaintiffs, who are or were incarcerated at Huron Valley, failed to exhaust their administrative remedies. ECF Nos. 56, 177. Because of genuine issues of material fact, the Court twice denied the motions for summary judgment. ECF Nos. 69, 177. Defendants moved for an evidentiary hearing to resolve the factual issues, so the Court referred the parties to Magistrate Judge Elizabeth A. Stafford. ECF No. 200, PageID.4344. After a hearing, Judge Stafford issued a Report and Recommendation ("Report") and found that "defendants have failed to sustain their burden of proof on whether plaintiffs sufficiently exhausted their administrative remedies." ECF No. 223, PageID.4848. Defendants timely objected to the Report. ECF No. 226, PageID.4900. Having examined the record and considered Defendants' objections de novo, the Court

1

concludes that they lack merit. The Court will thus adopt the Report's findings and overrule Defendants' objections.

## BACKGROUND

Because the Report properly detailed the relevant background, the Court will adopt that portion of the Report. *See* ECF No. 223, PageID.4847–4850.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) outlines how the Court must review a magistrate judge's Report. A district court's standard of review depends upon whether a party files objections. The Court need not review portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

Defendants lodged several objections to the Report. For the following reasons, the Court will overrule each objection.

First, Defendants challenged the Report's finding that they "presented *no factual evidence at all* to sustain their burden of proof on the issues they outlined." ECF No. 223, PageID.4861; ECF No. 226, PageID.4904. Obviously, Defendants presented some evidence at the evidentiary hearing. For example, Defendants called

Richard Russell, the hearings administrator and grievance section administer in the office of legal affairs at the Michigan Department of Corrections (MDOC). ECF No. 213, PageID.4565. They called Latasha Boa, a grievance coordinator at MDOC. *Id.* at PageID.4654.[1] And they entered the grievance records into evidence. *See id.* at PageID.4561.[2] The Report engaged with the testimony of both witnesses. *See* ECF No. 223, PageID.4861–62, 4865–70, 4876–81. And it engaged with the grievances themselves. *See, e.g.*, PageID.4855–4859, 4868–4870, 4878. In context, the Court thus understands the Report to have found that Defendants presented no compelling factual evidence, and that they "failed to sustain their burden of showing by a preponderance of the evidence that plaintiffs failed to exhaust their administrative remedies." *Id.* at PageID.4883. With that understanding and clarification, the Court will overrule the objection.

Second, Defendants generally challenged the Report's finding that they failed to provide sufficient evidence to sustain their burden of proof on each of the four disputed factual issues. ECF No. 226, PageID.4907–4908. But Defendants only specifically challenged the Court's conclusions regarding the third disputed issue—whether the grievances put MDOC on notice of the claims of inadequate ventilation. *See id.* at PageID.4908. And so, the Court will limit its de novo review to the third issue. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague,

---

[1] Although the transcript uses the name "Bowa," the Report and the briefing uses the name "Boa." *See, e.g.*, ECF No. 228, PageID.4942. The Court will use the latter spelling.
[2] The post-hearing briefing confirms that the grievances were entered into evidence. ECF No. 216, PageID.4790–4794.

3

general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

As to this issue, Defendants argued that "[t]he record evidence showed that Plaintiffs' grievances made no mention of the myriad of issues they have alleged in their complaint." ECF No. 226, PageID.4907. Although Defendants conceded that two of Bailey's grievances mentioned ventilation, *id.*, they argued that none of Clark and Zentz's grievances mentioned ventilation. *Id.* at PageID.4908. Defendants also argued that none of the grievances mentioned several issues in the complaint—the antiquated HVAC system, the leaky roofs, etc. *Id.* at PageID.4908.

The Court has already concluded that "the PLRA does not require Plaintiffs to differentiate between the consequence of the condition and the cause." ECF No. 191, PageID.4282. Here, the relevant grievances from Clark and Zentz all explicitly mentioned mold. *See* ECF No. 56-5, PageID.730, 734, 738; ECF No. 56-6, PageID.789. In doing so, the grievances put Defendant on notice about the poor ventilation in the building. *See* ECF No. 191, PageID.4282.

As for the issues in the complaint, the complaint had the benefit of many details, perhaps because it was drafted by lawyers who are not incarcerated. But those details—like the allegation that Huron Valley's HVAC system is 50 years old and 25–30 years beyond its peak life expectancy—need not have been specifically mentioned in the grievances. By detailing the consequences of the inadequate ventilation in their grievances, Plaintiffs gave MDOC "a fair opportunity to address

4

[the] claims on the merits before federal litigation [was] commenced." *Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017). The Court will therefore overrule the objection to the sufficiency of the evidence on the notice issue.

Third, Defendants argued that the Report was too harsh to Mr. Russell because it said that he "misrepresented" MDOC policy. *See* ECF No. 226, PageID.4911–4912. To be sure, Defendants admitted that Russell may have made a *mistake* when he said that prisoners could exhaust condition of confinement claims via the warden's forum rather than the grievance system. *See id.* But Defendants maintained that Russell did not misrepresent anything because he lacked the intent to deceive. *Id.* at PageID.4911. The Court is not going to parse dueling dictionary definitions of the word "misrepresent." *Compare* ECF No. 226, PageID.4911 (using one definition of "misrepresent"), *with* ECF No. 227, PageID.4932 (using another definition). The bottom line is that Russell was wrong.

The Report found accordingly that Russell's testimony evidenced "an unwritten policy of MDOC to steer common issues affecting multiple prisoners to the warden's forum" by denying grievances as "joint." ECF No. 223, PageID.4878. But Plaintiffs could not have exhausted their administrative remedies through the warden's forum. *See Berryman v. Haas*, No. 19-1484, 2020 WL 6325553, at *2 (6th Cir. May 11, 2020). And so, Russell's testimony—which came from the man who should know the most about the MDOC grievance process—was a misrepresentation. The Court will overrule the objection to the word "misrepresent."

5

Fourth, Defendants objected to two pages of the Report that allegedly made "conclusions about MDOC as a whole that are broader than the issues presented." ECF No. 226, PageID.4913 (objecting to ECF No. 223, PageID.4872–73). Defendants did not object to any factual findings or legal conclusions in the two pages. *See id.* Rather, Defendants suggested that Judge Stafford went outside the scope of her referral when she discussed MDOC mail policies. *Id.* at PageID.4913.

Exhaustion was plainly within ambit of the Court's referral. *See* ECF No. 200, PageID.434. And one of the key exhaustion issues was whether Plaintiffs timely filed their grievances. After considering the evidence, Judge Stafford concluded that MDOC had repeatedly rejected grievances as untimely despite circumstances beyond the control of the prisoners. *See* ECF No. 223, PageID.4870.

At Step I, prisoners are required to "send" their completed grievance form "[w]ithin five business days after attempting to resolve a grievable issue with staff." ECF No. 56-2, PageID.606. Notwithstanding the word "send," the rules somehow also suggest that the Department needs to *receive* the grievance form within five business days after the attempted resolution. *See id.* at PageID.605.

But the mail can take longer than five business days. For example, Plaintiff Paula Bailey mailed a Step I grievance on September 22, 2019, but it was not received until September 30, 2019. ECF No. 56-3, PageID.630. September 30 was the sixth business day after September 22, and Bailey's grievance was rejected as untimely. *See id.*

6

Faced with this and other issues, the Report found that the grievance policy was unavailable to Plaintiffs Bailey, Clark, and Zentz. In doing so, the Report commented on the prison mailbox rule. *See* ECF No. 223, PageID.4873–4874. The Report's findings, and the way in which Judge Stafford explained her findings, may have an impact on future cases. But the Court will not hold off on adopting the two pages just because they may have consequences in other cases. The objection is overruled.

## CONCLUSION

Having carefully reviewed all relevant materials, the Court will overrule Defendants' objections and adopt the Report. Simply put, Defendants did not sustain their burden of proof on exhaustion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' Objections [226] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [223] is **ADOPTED**.

**SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: May 29, 2025