UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA BAILEY, individually, and
KRYSTAL CLARK, and HOPE
ZENTZ, on behalf of themselves
and others similarly situated,

No. 2:19-cv-13442

    Plaintiffs,

HON. STEPHEN J. MURPHY, III

v.

MAG. ELIZABETH A. STAFFORD

HEIDI WASHINGTON, JEREMY
HOWARD, SHAWN BREWER,
KENNETH MCKEE, JEREMY
BUSH, LIA GULICK, ED VALLAD,
DAVID JOHNSON, KARRI
OSTERHOUT, JOSEPH TREPPA,
DAN CARTER, JOEL DREFFS,
RICHARD BULLARD, and TONI
MOORE, in their official and
individual capacity,

**DEFENDANTS' MOTION TO STAY
PROCEEDINGS OR DISCOVERY
PENDING THE RESOLUTION OF
THEIR APPEAL**

    Defendants.

_____

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7LAW
jon@jmarkolaw.com

**NICHOLS KASTER, PLLP**
Matthew H. Morgan (MN304657)
Rebekah L. Bailey (MN0389599)
80 South Eight Street, Ste 4700
Minneapolis, MN 55402
(612) 256-3200

**Michigan Dep't of Attorney General**
Joshua S. Smith (P63349)
Kristin M. Southerland (P64353)
John L. Thurber (P44989)
Michael R. Dean (P71333)
Jennifer A. Foster (P75947)
Sara E. Trudgeon (P82155)
William J. Predhomme II (P81527)
Assistant Attorneys General
Attorneys for Defendants Brewer, Bush,
  Bullard, Carter, Dreffs, Gulick, Howard,
  Johnson, McKee, Moore, Osterhout,
  Treppa, Vallad & Washington

morgan@nka.com
bailey@nka.com

**PITT MCGEHEE PALMER &
RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing Robinson-Holmes
(P81698)
117 W. 4th Street, Ste 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com
brivers@pittlawpc.com
crobinson@pittlawpc.com

**LAW OFFICES OF DAVID S.
STEINGOLD, PLLC**
David S. Steingold (P29752)
Samantha Baker (P83674)
500 Griswold Street, Ste. 2320
Detroit, MI 48226
(313) 962-0000
detroitdefender@yahoo.com

**EXCOLO LAW, PLLC**
Ari Kresch (P29593)
26700 Lahser Road, Ste. 301
Southfield, MI 48033
(866) 939-2656
akresch@1800lawfirm.com

**THE LAW OFFICE OF KEITH
ALTMAN**
Solomon A. Radner (P73653)
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(248) 987-8929
solomonradner@kaltmanlaw.com

***Attorneys for Plaintiffs & the
Putative Classes***

Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Deanm2@michigan.gov
Smithj191@michigan.gov

_____/

### DEFENDANTS' MOTION TO STAY PROCEEDINGS OR DISCOVERY PENDING THE RESOLUTION OF THEIR APPEAL

Defendants Heidi Washington, Shawn Brewer, Richard Bullard, Dan Carter, Lia Gulick, David Johnson, Kenneth McKee, Karri Osterhout, Toni Moore, Joseph Treppa, Ed Vallad, Jeremy Bush, Jeremy Howard, and Joel Dreffs, by and through counsel, move this Court to enter an order staying proceedings or staying discovery pending the resolution of their appeal, which is based on this Court's denial of qualified immunity and Michigan governmental immunity.

. Defendants' counsel sought concurrence, via an email dated July 8, 2025, from counsel for Plaintiffs, offering an opportunity to confer pursuant to Local Rule 7.1.  In their e-mail, Defendants explained the grounds for their motion.  Counsel for Plaintiffs declined a conference, indicating they would not concur in the request.  Accordingly, Defendants bring this motion to stay proceedings or discovery in this matter.

For reasons set forth in the accompanying brief, Defendants respectfully request that this Court enter an order staying proceedings or discovery pending resolution of their appeal.

Respectfully submitted,

*/s/ Joshua S. Smith*
Assistant Attorney General
Attorney for MDOC Defendants
Michigan Dep't of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
smithj191@michigan.gov
P63349

Dated: July 11, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Joshua S. Smith
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
smithj191@michigan.gov
P63349

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA BAILEY, individually, and
KRYSTAL CLARK, and HOPE
ZENTZ, on behalf of themselves
and others similarly situated,

No. 2:19-cv-13442

       Plaintiffs,

HON. STEPHEN J. MURPHY, III

v.

MAG. ELIZABETH A. STAFFORD

HEIDI WASHINGTON, JEREMY
HOWARD, SHAWN BREWER,
KENNETH MCKEE, JEREMY
BUSH, LIA GULICK, ED VALLAD,
DAVID JOHNSON, KARRI
OSTERHOUT, JOSEPH TREPPA,
DAN CARTER, JOEL DREFFS,
RICHARD BULLARD, and TONI
MOORE, in their official and
individual capacity,

**DEFENDANTS' BRIEF IN
SUPPORT OF MOTION TO STAY
PROCEEDINGS OR DISCOVERY
PENDING THE RESOLUTION OF
THEIR APPEAL**

       Defendants.

---

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7LAW
jon@jmarkolaw.com

**NICHOLS KASTER, PLLP**
Matthew H. Morgan (MN304657)
Rebekah L. Bailey (MN0389599)
80 South Eight Street, Ste 4700
Minneapolis, MN 55402
(612) 256-3200
morgan@nka.com

**Michigan Dep't of Attorney General**
Joshua S. Smith (P63349)
Kristin M. Southerland (P64353)
John L. Thurber (P44989)
Michael R. Dean (P71333)
Jennifer A. Foster (P75947)
Sara E. Trudgeon (P82155)
William J. Predhomme II (P81527)
Assistant Attorneys General
Attorneys for Defendants Brewer, Bush,
  Bullard, Carter, Dreffs, Gulick, Howard,
  Johnson, McKee, Moore, Osterhout,
  Treppa, Vallad & Washington

bailey@nka.com

**PITT MCGEHEE PALMER & RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
Channing Robinson-Holmes (P81698)
117 W. 4th Street, Ste 200
Royal Oak, MI 48067
(248) 398-9800
cmcgehee@pittlawpc.com
brivers@pittlawpc.com
crobinson@pittlawpc.com

**LAW OFFICES OF DAVID S. STEINGOLD, PLLC**
David S. Steingold (P29752)
Samantha Baker (P83674)
500 Griswold Street, Ste. 2320
Detroit, MI 48226
(313) 962-0000
detroitdefender@yahoo.com

**EXCOLO LAW, PLLC**
Ari Kresch (P29593)
26700 Lahser Road, Ste. 301
Southfield, MI 48033
(866) 939-2656
akresch@1800lawfirm.com

**THE LAW OFFICE OF KEITH ALTMAN**
Solomon A. Radner (P73653)
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(248) 987-8929
solomonradner@kaltmanlaw.com

***Attorneys for Plaintiffs & the Putative Classes***

Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Deanm2@michigan.gov
Smithj191@michigan.gov

_____/

# DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS OR DISCOVERY PENDING THE RESOLUTION OF THEIR APPEAL

Joshua S. Smith
Assistant Attorney General
Attorney for MDOC Defendants
Michigan Dep't of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
smithj191@michigan.gov
P63349

Dated: July 11, 2025

# TABLE OF CONTENTS

Page

Certificate of Service ................................................................4

Table of Contents .......................................................................i

Index of Authorities................................................................ iii

Concise Statement of Issues Presented ...................................vi

Controlling or Most Appropriate Authority............................vi

Statement of Facts .....................................................................1

Argument....................................................................................2

I.     A stay of proceedings or discovery should be granted because
       Defendants appeal this Court's denial of qualified immunity. .......2

II.    A stay of proceedings should be granted because Defendants
       appeal this Court's denial of Michigan governmental
       immunity. ..........................................................................4

III.   A stay of proceedings should also be granted because the
       stay factors weigh in Defendants' favor..........................................6

       A.     The power to stay proceedings is a matter committed to
              the sound discretion of the trial court. ...................................6

       B.     Balancing the factors weighs in favor of granting a stay
              pending the resolution of Defendants' appeal on
              qualified immunity and Michigan governmental
              immunity. ...............................................................8

              1.     There is a likelihood that Defendants will prevail
                     on the merits of their appeal.........................................9

              2.     There is a strong likelihood that Defendants will
                     be irreparably harmed absent a stay until the
                     appeals are concluded. .................................................11

i

3.    The remaining factors are not persuasive to deny
       a stay. ..........................................................................12

Conclusion and Relief Requested.............................................................14

Certificate of Service ................................................................................15

ii

# INDEX OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 662 ....................................................................................8

*Bangas v. Potter,*
  145 Fed. App'x 139, 141 (6th Cir. 2005) ...............................................7

*Behrens v. Pelletier,*
  516 U.S. 299 (1996) ........................................................................12

*Bell v. City of Southfield,*
  37 F.4th 362 (6th Cir. 2022)..............................................................10

*Blackwell v. Chisholm,*
  No. 2:23-CV-13015, 2024 WL 4864179, at *2 (E.D. Mich. Nov.
  21, 2024) ........................................................................................2

*Bolletino v. Cellular Sales of Knoxville, Inc.,*
  No. 3:12-cv-138, 2012 WL 3263941, at *1 (E.D. Tenn. Aug. 9,
  2012) ..............................................................................................7

*Burnett v. Griffith,*
  33 F.4th 907 (6th Cir. 2022)..............................................................10

*Chrysler Corp. v. Fedders Corp.,*
  643 F.2d 1229 (6th Cir. 1981) .............................................................7

*City & Cnty. of San Francisco, Calif. v. Sheehan,*
  575 U.S. 600 (2015) ........................................................................10

*Coalition to Defend Affirmative Action v. Granholm,*
  473 F.3d 237 (6th Cir. 2006) ...............................................................8

*Coinbase, Inc. v. Bielski,*
  599 U.S. 736 (2023) ......................................................................v, 2

iii

*Crawford-El v. Britton,*
  523 U.S. 574 (1998) ................................................................. v, 9, 11

*English v. Dyke,*
  23 F.3d 1086 (6th Cir. 1994) ............................................................ v, 2

*F.T.C. v. E.M.A. Nationwide, Inc.,*
  767 F.3d 611 (6th Cir. 2014) ............................................................... 7

*Griggs v. Provident Consumer Disc. Co.,*
  459 U.S. 56 (1982) ............................................................................. 4

*Hahn v. Star Bank,*
  190 F.3d 708 (6th Cir. 1999) ............................................................... 7

*Harlow v. Fitzgerald,*
  457 U.S. 800 (1982) ......................................................................... 12

*Livermore ex rel Rohm v. Lubelan,*
  476 F.3d 397 (6th Cir. 2007) ............................................................... 5

*Marvin v. City of Taylor,*
  509 F.3d 234 (6th Cir. 2007) ....................................................... v, 4, 5

*Mich. Coal. Of Radioactive Material Users, Inc. v. Griepentrog,*
  945 F.2d 150 (6th Cir. 2006) ............................................................... 8

*Miller v. Gettel,*
  No. 21-CV-10175, 2022 WL 2070385 (E.D. Mich. June 8, 2022) ...... v, 2

*Mitchell v. Forsyth,*
  472 U.S. 511 (1985) .................................................................. v, 3, 8, 9

*Mullenix v. Luna,*
  577 U.S. 7 (2015) ............................................................................ 10

*Muzquiz v. W.A. Foote Mem. Hosp.,*
  70 F.3d 422 (6th Cir. 1995) ............................................................... 7

*Pearson v. Washington,*
  E.D. Mich. No. 2:19-cv-10707 ....................................................... 3, 5

iv

*Sentell v. Tenn.*,
  No. 3:12-cv-593, 2013 WL 3297124, at *1 (E.D. Tenn. June 28,
  2013) ................................................................................................7

*Sexton v. Cernuto*,
  No. 19-12574, 2021 WL 949541, at *2 (E.D. Mich. Mar. 12, 2021) .......3

*Strougo v. Tivity Health, Inc.*,
  No. 3:20-cv-165, 2023 WL 4830593, at *2 (M.D. Tenn., July 27,
  2023) ................................................................................................9

*Stuart v. State Farm Fire and Cas. Co.*,
  2017 WL 5952872, at *2 (W.D. Ark. Jan. 25, 2017) .............................9

*Vaughn v. United States Small Bus. Admin.*
  65 F.3d 1322 (6th Cir. 1995) ..............................................................12

*White v. Pauly*,
  580 U.S. 73 (2017) ...............................................................................10

## Statutes

Mich. Comp. Laws § 691.1407 ...................................................................4

## Rules

Mich. Ct. Rule 7.206(6)(a)(v) ....................................................................5

Mich. Ct. Rule 7.209(E)(7) ........................................................................5

v

## CONCISE STATEMENT OF ISSUES PRESENTED

1.   Governmental defendants appealing a denial of qualified immunity are entitled to a stay unless they appeal findings of fact or seek to delay matters, particularly a trial. Defendants' appeal is based solely on this Court's legal rulings and is not taken to delay matters or a yet-to-be scheduled trial.  Should this Court stay proceedings or discovery while this case is on appeal?

2.   Defendants may appeal a denial of Michigan governmental immunity under the collateral-order doctrine.  Michigan law stays all proceedings in a governmental immunity appeal. Because federal courts apply the collateral-order doctrine based on Michigan law, the same reasoning applies to a stay of proceedings.  Should this Court stay proceedings or discovery while this case is on appeal?

3.   District courts may stay proceedings for good cause.  The denial of qualified immunity is grounds for an interlocutory appeal because the issue could be dispositive.  Should this Court grant Defendants' motion to stay proceedings or discovery when the factors for a stay favor the Defendants and their pending appeal based on qualified immunity would be dispositive of this action?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*: *English v. Dyke*, 23 F.3d 1086 (6th Cir. 1994); *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023); *Miller v. Gettel*, No. 21-CV-10175, 2022 WL 2070385 (E.D. Mich. June 8, 2022); *Marvin v. City of Taylor*, 509 F.3d 234 (6th Cir. 2007); *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Crawford-El v. Britton*, 523 U.S. 574 (1998).

## STATEMENT OF FACTS

Plaintiffs Paula Bailey, Krystal Clark, and Hope Zentz filed suit against several Michigan Department of Corrections (MDOC) officers and employees on November 20, 2019, alleging violations of the Eighth and Fourteenth Amendments, and a Michigan-law claim for gross negligence, due to alleged mold exposure at Women's Huron Valley Correctional Facility (WHV).  (ECF No. 1.)  Plaintiffs have filed several amended complaints.  The operative complaint was filed on September 15, 2023.  (ECF No. 161, PageID.3369–3501.)  Defendants moved to dismiss the second amended complaint based, in part, on qualified immunity and Michigan governmental immunity.  (ECF No. 184, PageID.4031–4040, 4049–4051.)  This Court denied that motion, (ECF No. 230), and Defendants timely filed a notice of appeal, (ECF No. 231.) Defendants now move for a stay while this case is on appeal.

1

## ARGUMENT

**I.**   **A stay of proceedings or discovery should be granted because Defendants appeal this Court's denial of qualified immunity.**

When a governmental defendant appeals a denial of qualified immunity "the trial court should stay discovery." *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). Indeed, the Supreme Court has recognized that "in the analogous context[] of qualified immunity . . . district courts likewise must automatically stay their proceedings while the interlocutory appeal is ongoing." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742 n.4 (2023). In the instant case, it follows that a stay of all proceedings, or at least a stay of discovery, is warranted during the pendency of Defendants' qualified immunity appeal.

Motions to stay proceedings in an appeal taken on grounds of qualified immunity should be granted unless the appeal is frivolous or dilatory. *Miller v. Gettel*, No. 21-CV-10175, 2022 WL 2070385, at *3–*4 (E.D. Mich. June 8, 2022). A qualified immunity appeal that challenges the legal basis of the district court ruling, rather than its findings of fact, cannot be deemed frivolous. *Blackwell v. Chisholm*, No. 2:23-CV-13015, 2024 WL 4864179, at *2 (E.D. Mich. Nov. 21, 2024); *Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *2 (E.D. Mich. Mar. 12,

2021). *Blackwell*, 2024 WL 4864179, at *2; *Sexton*, 2021 WL 949541, at *2. An appeal is dilatory when it is filed solely to delay matters, particularly a trial. Defendants' appeal is not frivolous because they challenge this Court's legal rulings on qualified immunity. Nor have Defendants filed their appeal to delay matters, let alone delay a yet to be scheduled trial. Accordingly, this Court should grant their motion for a stay.

Last year, in *Pearson v. Washington*, this Court considered a nearly identical motion to stay pending the defendants' appeal to the Sixth Circuit of a denial of qualified immunity. *Pearson v. Washington*, E.D. Mich. No. 2:19-cv-10707, Order Granting in Part Motion To Stay Discovery, ECF No. 280, PageID. 4582–4584, Ex. A. This Court noted that qualified immunity provides " 'immunity from suit rather than a mere defense to liability.' " *Id.* at PageID.4582. (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)). This Court then held that it *must* issue a stay of discovery when an appeal is taken on grounds of qualified immunity:

> When defendants appeal the denial of qualified immunity on the pleadings, they are entitled to protection from the burdens of discovery until the resolution of that issue. *Kennedy v. City of Cleveland*, 797 F.2d 297, 299. The Court has a general obligation

3

to "stay discovery" until the issue of qualified immunity is decided. *Id.*; *see also English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994); *cf. Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742 & n.4 (2023) (collecting cases). Simply put, the MDOC and Wayne State Defendants appealed the Court's Order denying qualified immunity, and the Court therefore must stay discovery as to the appellant-Defendants.

*Id.* at PageID.4582–4583.  The same reasoning applies here.  A stay is warranted pending the outcome of Defendants' appeal.

In addition, when a party appeals a case, a district court is divested of jurisdiction over "those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  Because Defendants' appeal divests this Court of jurisdiction, a stay of proceedings is appropriate.

## II.    A stay of proceedings should be granted because Defendants appeal this Court's denial of Michigan governmental immunity.

In addition to qualified immunity, Defendants are appealing the denial of their assertion of Michigan governmental immunity.  A denial of immunity under Michigan's Governmental Tort Liability Act, Mich. Comp. Laws § 691.1407, is also appealable under the collateral-order doctrine.  *Marvin v. City of Taylor*, 509 F.3d 234, 251 (6th Cir. 2007). *See also Livermore ex rel Rohm v. Lubelan*, 476 F.3d 397, 408 (6th Cir.

4

2007) ("[W]e have held repeatedly that, because the denial of governmental immunity is now a 'final order' providing defendants with an appeal of right to the Michigan Court of Appeals, this court has jurisdiction over interlocutory appeals concerning pendent state law claims of governmental immunity.")  In *Pearson*, this Court held that, because a denial of Michigan governmental immunity is "immediately appealable," it would stay discovery "during the pendency of the appeal."  *Pearson*, ECF No. 280, at PageID.4583.  The same result should follow here.

Further, Michigan law provides that, when a governmental official appeals the denial of governmental immunity, proceedings in the trial court are automatically stayed.  Mich. Ct. Rule 7.209(E)(7); Mich. Ct. Rule 7.206(6)(a)(v).  Because federal courts premise the application of the collateral-order doctrine to Michigan governmental immunity on the provision of the Michigan Court Rules that creates an appeal by right from a denial of governmental immunity, *Marvin*, 509 F.3d at 251, it follows that the same reasoning applies to grant a stay of proceedings during the pendency of an appeal in federal court.  Accordingly, this Court should stay proceedings while this case in on appeal.

**III.   A stay of proceedings should also be granted because the stay factors weigh in Defendants' favor.**

To the extent that this Court does not stay proceedings based on Defendants' appeal of qualified immunity and Michigan governmental immunity, the present case, nonetheless, still satisfies the criteria for a stay.  This is a complex case involving a putative class action with potentially dozens, if not hundreds, of plaintiffs if class certification is ever granted.  Qualified immunity for government officials involves the right not to have to stand trial or bear the burdens of discovery and, therefore, must be decided as early as possible in the proceedings. Defendants have filed a notice of appeal of this Court's denial of qualified immunity and governmental immunity and the case is now before the Sixth Circuit.  For these reasons, this Court should stay proceedings or discovery until the appeal is resolved.

**A.   The power to stay proceedings is a matter committed to the sound discretion of the trial court.**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611,

6

626–27 (6th Cir. 2014). "A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Sentell v. Tenn.*, No. 3:12-cv-593, 2013 WL 3297124, at *1 (E.D. Tenn. June 28, 2013) (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 (6th Cir. 1981)).

Trial courts have both broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *Bangas v. Potter*, 145 Fed. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). When considering a motion for a stay, courts must "weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-cv-138, 2012 WL 3263941, at *1 (E.D. Tenn. Aug. 9, 2012). Stays are favored where a case can be resolved "based on legal determinations that could not be altered by any further discovery." *Muzquiz v. W.A. Foote Mem. Hosp.*, 70 F.3d 422, 430 (6th Cir. 1995).

In determining whether to issue a stay of proceedings pending appeal, the Court must consider "(1) the likelihood that the party

seeking the stay will prevail on the merits of the appeal; (2) the

likelihood that the moving party will be irreparably harmed absent a

stay; (3) the prospect that others will be harmed if the court grants the

stay; and (4) the public interest in granting the stay." *Mich. Coal. Of*

*Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th

Cir. 2006).  All four factors "are not prerequisites but are interconnected

considerations that must be balanced together." *Coalition to Defend*

*Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006).

> **B.     Balancing the factors weighs in favor of granting a
>         stay pending the resolution of Defendants' appeal on
>         qualified immunity and Michigan governmental
>         immunity.**

The Supreme Court has repeatedly declared that qualified

immunity is not merely a defense to liability, but rather "an entitlement

not to stand trial *or face the other burdens of litigation*" prior to "the

resolution of the essentially legal question whether the conduct of which

the plaintiff complains violated clearly established law." *Mitchell v.*

*Forsyth*, 472 U.S. 511, 526 (1985) (emphasis added); *Ashcroft v. Iqbal*,

556 U.S. 662, 672 (same); *Crawford-El v. Britton*, 523 U.S. 574, 597–98

(1998) ("[T]he trial court … must exercise its discretion so that officials

are not subjected to unnecessary and burdensome discovery or trial

proceedings… if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery.").

### 1. There is a likelihood that Defendants will prevail on the merits of their appeal.

The Supreme Court has held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). In deciding whether the MDOC Defendants meet the requirements for demonstrating a likelihood of success on the merits, this Court should consider that most judges are "'reluctant to find that a substantial likelihood exists that he or she will be reversed.'" *Strougo v. Tivity Health, Inc.*, No. 3:20-cv-165, 2023 WL 4830593, at *2 (M.D. Tenn., July 27, 2023) (quoting *Stuart v. State Farm Fire and Cas. Co.*, 2017 WL 5952872, at *2 (W.D. Ark. Jan. 25, 2017)).

This Court recognized that no Sixth Circuit precedent established a right to adequate ventilation. (ECF No. 230, PageID.4970–4976.) And for toxic environmental substances, it analyzed the matter at far

9

too high of a level, in contravention of *White v. Pauly*, 580 U.S. 73, 79 (2017), and relied on case law that is inapposite and from other circuits, in violation of *Bell v. City of Southfield*, 37 F.4th 362, 367–68 (6th Cir. 2022) and *Burnett v. Griffith*, 33 F.4th 907, 913 (6th Cir. 2022).

Notwithstanding this Court's ruling that it does not need to find a case with identical facts to hold that a right is clearly established, it still must find a case that would have given Defendants fair warning that their conduct would violate the law. *City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 617 (2015). Such a case must show that the "violative nature of the *particular* conduct is clearly established." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (emphasis in original; internal quotations omitted). No such Sixth Circuit case exists. As such, Defendants have a strong likelihood of success on the merits of their appeal.

In terms of Michigan governmental immunity, Plaintiffs have not established gross negligence. Nor are Plaintiffs' allegations sufficient to establish that Defendants were *the* proximate cause of their alleged damages. Accordingly, Defendants are likely to prevail on this aspect of their appeal.

10

This case is primed for an appellate challenge on the denial of qualified immunity and Michigan governmental immunity.  And Defendants have a likelihood of prevailing, mitigating strongly in favor of a stay.

> **2.    There is a strong likelihood that Defendants will be irreparably harmed absent a stay until the appeals are concluded.**

Defendants will suffer harm from having to engage in costly, burdensome discovery before resolution of the qualified immunity issue. As a rule, protection from the burdens of litigation plays such a central role in the early stage of litigation that a district court's denial of qualified immunity at the motion to dismiss stage is among the small category of pretrial rulings that are immediately appealable as a matter of right.  *Crawford-El*, 523 U.S. at 598, n.19 ("If the district court enters an order denying the defendant's motion for dismissal or summary judgment, the official is entitled to bring an immediate interlocutory appeal of that legal ruling on the immunity question."); *Behrens v. Pelletier*, 516 U.S. 299, 307-308 (1996).

Indeed, the entire rationale behind qualified immunity is to avoid subjecting governmental officials to the burdens of discovery and trial.

"The philosophy behind the doctrine . . . is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." *Vaughn v. United States Small Bus. Admin.* 65 F.3d 1322, 1326 (6th Cir. 1995) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982). That is because the burdens of extensive discovery include the "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id*. This factor weighs strongly in favor of the MDOC Defendants for a stay of discovery until the qualified and governmental immunity appeal is resolved.

### 3. The remaining factors are not persuasive to deny a stay.

The remaining two factors—whether Plaintiffs will be harmed if the Court grants the stay and whether there is a strong public interest in granting the stay—do not swing the balance in favor of denying the stay pending the resolution of the appeal.

First, the public's interest in a stay of discovery tracks with the second factor, because of the drain on the public fisc for engaging in extensive discovery before the immunity issues are settled. This is a putative class action case that will necessarily involve numerous

depositions and document production, the costs of which will primarily be borne by the taxpayers.  Resolving the immunity questions could speedily resolve the case.

Second, Plaintiffs will suffer less harm if the immunity issues are resolved in favor of Defendants because they, too, will not be subject to costly discovery.  The putative class action that will involve multiple phases of litigation:  discovery, class certification, and dispositive motions.  Notably, staying proceedings pending resolution of the appeal will also prevent this Court from having to devote resources to ongoing motion practice, status conferences, and possibly trial.  Accordingly, this Court should stay proceedings, or discovery, pending the outcome of their appeal so that they do not have to incur the heavy costs of discovery.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above. Defendants request that this Court

grant their motion to stay proceedings or discovery pending the

resolution of their appeal based on qualified immunity and Michigan

governmental immunity.

Respectfully submitted,

*/s/ Joshua S. Smith*
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
smithj191@michigan.gov
P63349

Dated:  July 11, 2025

14

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

_/s/ Joshua S. Smith_
Assistant Attorney General
Attorney for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
smithj191@michigan.gov
P63349