UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOMEN OF HURON VALLEY CORR. Et Al.,
                    Plaintiffs

VS

HEIDI WASHINGTON,
MDOC
                    Defendants /

CASE NO: 19-13442

HON: STEPHEN MURRAY

MAG: ELIZABETH STAFFORD

FILED
JUL -9 2025
CLERK'S OFFICE
U.S. DISTRICT COURT

AMICUS CURRIAE BRIEF /
MOTION FOR AMICUS CURRIAE BRIEF

BY: Bryan Brown #723909
    1728 W. Bluewater Hwy.
    Ionia, Mi. 48846

## MOTION FOR AMICUS CURRIAE BRIEF

Mr. Brown an interested party Motions this Honorable Court the ability to file an Amicus Curriae Brief in the above captioned matter, where by law states that any interested party may file an Amicus Curriae Brief in regards to any actions presented to the Court in either Appeals before the court or Civil Disputes before that Tribunal or Court of Law.

The issue Mr. Brown wishes to file an Amicus Curriae Brief has to do with the issue brought before this Court by the Magistrate Judge Elizabeth Stafford, that the MDOC Grievance System is Flawed. Mr. Brown an interested party on this issue has been wanting to address this issue before the courts himself, but since this issue is brought before this court by the Honorable Magistrate Judge Elizabeth Stafford, Mr. Brown wishes to futher litigate this important issue before this court on MDOC's flawed Grievance system.

Mr. Brown asks that this Honorable Court to ACCEPT the forgoing Brief and allow Mr. Brown to expand the arguments before this Honorable Court in favor of this Honorable Court deeming that MDOC's Grievance System is flawed and that MDOC Prisoners should not need to exhaust Administrative Remedies under the current Flawed system before bring Constitutional Issues before a Court of Civil redress.

1

## AMICUS CURRIAE BRIEF

This issue of MDOC Grievance flawed system has been brought before the courts previously in 1992. Where the 6th Circuit erroneously Dismissed the issue od MDOC's broken Grievance System. See <u>Knop v. Johnson</u> 977 F2d 996,1010 6th Cir. (1992) Where the court ordered the Grievance system to be fixed. Holding that experts and Hadix Court ordered an inmate review of the grievance program, hiring grievance investigators, that grievance cooridinators be independant of MDOC. Where the court held an effective Grievance system would reduce work loads on the courts by encouraging Administrative Resolution of disputes.

MDOC's Grievance system does not meet the minimal requirements under the Civil Rights of Institutional Persons Act (CRIPA) where a limited exhaustion requirement for cases brought by Adult State Prisoners. The United States Attorney General is required to set minimum standards for Grievance Procedures. A Grievance Procedure is supposed to meet certain statutory requirements:

(1) Employees and prisoners must have an advisory role in formulating and operating it.

(2) There must be an independant review by someone not under the direct supervision or controle of the institution.

(3) It must be completed within 90 days.

MDOC's Grievance System / Procedure is a joke. Neither staff or officers fear the Grievance System / Procedure due in part of Richard Russll and Lansing's handling of grievances. Where if an inmate brings to the staffs attention that the individual wishes to file a grievance. The staff members reaction is: "make sure

2

that you spell my name right" in sarcasm, instead of a proper response of " well lets talk about this issue and see if we can resolve it."

Mr. Brown has kept a file of about 90% of the grievance he has filed throughout the years. Out of approximately 385 grievances only 42 of them were resolved. An 10% rate. Furthermore MDOC ha made their current Grievance Procedure violate inmates Due Process Rights.

MDOC has made it easier for Grievance Coordinators to DENY grievances as UNTIMELY.

Under the old Grievance Policy PD-03-02-130(S) Effective date of 7/9/07 Stated that grievances and grievance appeals at all steps are considered filed on the date sent by the grievant.

The new policy allows that filing date to be determined by the Grievance Coordinator. When that coordinator alledges that s/he has received it in their office allowing for a grievance coordinator to say that s/he received it on any date determined by that coordinator as s/he deems fit. Even if that coordinator is truthful in this matter. The grievance policy states that you have 2 days from the grievable issue to resolve it with staff and 5 days after that to file the grievance, which is a total of 7 days time frame.

So say if you have a grievable issue on Monday the 1st. You take 2 days to try and resolve it and then come sunday the 7th you write the grievance and put it in the mail box and that following Monday is a holliday. The Unit Mail is sent out that Tuesday the 9th. From there it may take the mailroom one or two

3

days to forward the grievance to the Grievance Coordinator and then it may take another day for that office to stamp it received making the dat filed now the 10th, 11th, or 12th. So by the reading of the undated policy that grievance is filed on the 10th, 11th, or 12th. up to 5 days past the deadline for filing the grievance thus leaving MDOC the ability to deny that grievance as UNTIMELY when the Grievant timely filed and filled out the grievance. within the time frame allowed by the policy.

This same situation is made worse if the grievant is at another facility other than the facility where the grievable issue occured and you have to wait or rely on the U.S. Postal Service to deliver that Grievance to the previous facility where that grievable issue occured. You must rely on the current facility mailing out the grievance in a timely manner. The time it takes the post office to deliver that grievance and then rely on the prior facility's handling of incoming mail accordingly. Which is unheard of in MDOC. Take for example. Mr. Brown and other inmates subscribe to the Monthly Channel Guide Magazine. Even though the Channel Guide company states that they send these magazines in a timely fashion to make sure that subscribers receive their mothly issues before the beginning of the month. For the month of May as an example prisoners did not receive their issues untill the 5th of May.

MDOC Grievance Policy PD-03-02-130§ should not be required to be exhausted also due to the fact that the Grievance Policy does not provide the Grievant the right to have his grievance Resolved. The current Grievance Policy does not Mandate that

4

grievances be resolved or even the opportunity of a resolution. The grievance policy only requires responses not resolutions and as such The Grievance Procedure should not satisfy the Procedural Requirements of the Prison Litigation Reform Act (PLRA) and as such under the current Grievance Procedure should not be required to be exhausted.

## RELIEF REQUESTED

Mr. Bryan Brown and interested party to this issue asks that this Honorable Court Mandate that the MDOC Grievance Procedure be fixed of its flaws as mentioned in the forgoing brief or in the alternative make a ruling that under its current procedure that the MDOC Grievance Procedure does not satisfy the requirements of a proper grievance procedure and as such should not be held to have exhausted the MDOC Grievance Procedure prior to filing and Civil Actions against MDOC due to the Policy's Due process rights that are violated of the Grievant in determining when that Grievance is filed in violation of the Mail Box Rule of The United States Federal and Supreme Court as held in Cook v. Stegall 295 F3d 517, 521 6th Cir. (2002) and violations of (CRIPA).

DATE: 5/25/25

Respectfully Submitted,

Bryan Brown #723909
1728 W. Bluewater Hwy.
Ionia, Mi. 48846

5

Bryan Brown #723909
1728 W. Bluewater Hwy
Ionia, MI 48846

RECEIVED
JUL 09 2025
CLERK'S OFFICE
U.S. DISTRICT COURT

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 48846
02 7W
0000837625 MAY 28 2025
$ 000.97⁰

United States District Court
Eastern District Court
Attn: Elizabeth Stafford
231 W. Lafayette Blvd.
Detroit, MI 48226