UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA BAILEY, et al.,

        Plaintiffs,

Case No. 2:19-cv-13442

HONORABLE STEPHEN J. MURPHY, III

v.

HEIDI WASHINGTON, et al.,

        Defendants.

                                 /

**ORDER GRANTING MOTION TO STAY
DISCOVERY [233] AND DENYING MOTION FOR AMICUS BRIEF [234]**

In June 2025, the Court granted in part and denied in part Defendants' motion for judgment on the pleadings. ECF No. 230. Defendants then appealed the Court's denial of qualified immunity, ECF No. 231, and moved to stay the proceedings or discovery. ECF No. 233. For the reasons below, the Court will grant the motion, stay the case, and enter an administrative closure. But the Court will deny a tardy "motion for amicus curriae [sic] brief." ECF No. 234.

I.     Motion to Stay Discovery [233]

To begin, a stay of discovery is proper here because Defendants appealed the Court's denial of qualified immunity.

Qualified immunity "is an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). The Court has a general obligation to "stay discovery" until the issue of qualified immunity is decided. *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir.1986);

1

*see also English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994); *cf. Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742 & n.4 (2023) (collecting cases). When defendants appeal a denial of qualified immunity on the pleadings, they are entitled to protection from the burdens of discovery until the issue is resolved. *Kennedy*, 797 F.2d at 299.

Nevertheless, courts may refrain from entering a stay "if the appeal is (i) frivolous or (ii) being sought solely for purposes of delay." *Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *2 (E.D. Mich. Mar. 12, 2021) (citations omitted). Here, neither exception applies.

First, the interlocutory appeal is not frivolous. "An appeal is 'frivolous' only if it is 'solely a fact-based challenge to the plaintiffs' evidence and the district court's findings.'" *Blackwell v. Chisholm*, No. 2:23-cv-13015, 2024 WL 4864179, at *2 (E.D. Mich. Nov. 21, 2024) (quoting *Sexton*, 2021 WL 949541, at *2). Here, Defendants made a legal challenge to the Court's determination on qualified immunity.

Second, notwithstanding substantial prior delays in the case, Defendants' appeal is not taken "solely for purposes of delay." *Sexton*, 2021 WL 949541, at *2. Rather, the appeal seeks an answer from the Sixth Circuit on a hotly contested question of law. Defendants have consistently argued that they are entitled to qualified immunity, and they promptly appealed the Court's denial of immunity. ECF No. 231. The delay exception does not apply.

Accordingly, because Defendants appealed the Court's Order denying qualified immunity and no exception to the general obligation to stay discovery applies, the Court will stay discovery.[1]

Considering the appeal and the stay, the Court will also administratively close the case. "Administrative closures are a tool of docket management. Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method to shelve pending, but dormant, cases." *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) (citation modified). Administrative closures "amount to an essentially ad hoc way in which courts remove cases from their active files without making any final adjudication." *Id.* (citation modified). Importantly, "the closing has no effect other than to remove a case from the district court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Id.* (citation modified). Because an administrative closure has no effect on the disposition of the case, "an administrative closure is not tantamount to a formal dismissal of a case," which is appealable. *Id.* Although triable issues remain, the Court anticipates that the case will lie dormant for many months. It will thus enter an administrative closure for the pendency of the appeal.

---

[1] The Court recognizes that not all claims are necessarily being appealed. For example, qualified immunity does not apply to claims for injunctive relief. Nevertheless, because a decision from the Sixth Circuit could impact Plaintiffs' claims for injunctive relief and because of the difficulty that would occur with proceeding to resolve piecemeal some claims but not others, the Court finds that a stay of the entire case is warranted. And Plaintiffs did not advance any alternative argument for how the Court could proceed with some claims but not others. *See* ECF No. 236.

II.      Motion For Amicus Brief [234]

Finally, a non-party moved to file an amicus brief on exhaustion. ECF No. 234, PageID.5021. But the Court already decided the exhaustion issue when it adopted the report and recommendation from Magistrate Judge Elizabeth A. Stafford. *See* ECF No. 229. Accordingly, the Court will deny the motion as moot.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to stay discovery [233] is **GRANTED**. The Court will **ADJOURN** the discovery deadline and **STAY** the case pending completion of the appeal.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **ADMINISTRATIVELY CLOSE** the case.

**IT IS FURTHER ORDERED** that the motion for amicus brief [234] is **DENIED AS MOOT**.

SO ORDERED.

                                    s/ Stephen J. Murphy, III
                                    STEPHEN J. MURPHY, III
                                    United States District Judge

Dated: September 8, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 8, 2025, by electronic and/or ordinary mail.

                                    s/ R. Loury
                                    Case Manager