**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PAULA BAILEY**, individually,
**KRYSTAL CLARK** and **HOPE ZENTZ**,
on behalf of themselves and others
similarly situated,
Plaintiffs,

Case No. 2:19-cv-13442
Hon. Stephen J. Murphy, III
Mag. Judge Elizabeth A. Stafford

v.

**HEIDI WASHINGTON**, *et al.,*
Defendants.
_______________________________________________/

**NICHOLS KASTER, PLLP**
Rebekah L. Bailey (MN 304567)
Matthew H. Morgan (MN0389599)
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

**PITT McGEHEE PALMER BONANNI & RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
117 W. 4th Street, Ste. 200
Royal Oak, MI 48067
Telephone: (248) 398-9800

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7LAW

**MI DEP'T OF ATTORNEY GEN.**
Joshua S. Smith (P63349)
Kristin M. Southerland (P64353)
Michael R. Dean (P71333)
Jennifer A. Foster (P75947)
Sara E. Trudgeon (P82155)
John L. Thurber (P44989)
William J. Predhomme II (P81527)
MDOC Division
P.O. Box 30217
Lansing, MI 48909
P: (517) 335-3055
smithj191@michigan.gov
***Attorneys for Defendants***

**LAW OFFICES OF DAVID S. STEINGOLD, PLLC**
David S. Steingold (P29752)
Samantha Baker (P83674)
30300 Northwestern Hwy, Suite 111
Farmington Hills, MI 48334
P: (313) 962-0000
***Attorneys for Paula Bailey, Hope Zentz and the Putative Class ONLY***

**SHIRAZ LAW FIRM, PLLC**
Shiraz K. Khan (P78359)
30400 Telegraph Rd., Ste. 380
Bingham Farms, MI 48025
Telephone: (248) 419-0678
***Attorneys for Plaintiff Krystal Clark ONLY***

______________________________________________________________/

**PLAINTIFF KRYSTAL CLARK'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE, FOR AN INDICATIVE RULING UNDER FED. R. CIV. P. 62.1**

**NOW COMES**, Plaintiff, Krystal Clark ("Ms. Clark"), through undersigned counsel, respectfully moves under Fed. R. Civ. P. 65 and Fed. R. App. P. 8(a)(1) for an emergency temporary restraining order and preliminary injunction requiring Defendants to remove her from ongoing exposure to mold and related environmental triggers at Women's Huron Valley Correctional Facility ("WHV"). Ms. Clark seeks plaintiff-specific medical protection while her presumed cutaneous aspergillosis, documented mold allergy, respiratory symptoms,

hemoptysis, and infectious-disease treatment remain ongoing. In the alternative, if the Court concludes that the pending appeal limits its authority to enter immediate relief, Ms. Clark requests an indicative ruling under Fed. R. Civ. P. 62.1.

For the reasons set forth in the Integrated Brief, Ms. Clark respectfully requests an order requiring Defendants to do one of the following within 24 hours, or within another time set by the Court:

1. Remove Ms. Clark from WHV and transfer her to a medically appropriate correctional, medical, or other lawful secure placement outside WHV where she will not be exposed to the complained-of mold and related environmental triggers;
2. Confirm that no cell, unit, wing, or other area within WHV will be treated as compliance with the Court's order;
3. Ms. Clark further requests that Defendants maintain that placement pending further order, ensure that her infectious-disease treatment, antifungal monitoring, prescribed medications, ordered imaging, and follow-up care are not interrupted, and file a short compliance notice identifying the placement selected and the basis

for verifying that the placement removes her from the complained-of mold exposure;

4. In the alternative, Ms. Clark moves for an indicative ruling under Fed. R. Civ. P. 62.1(a)(3) stating that the motion raises a substantial issue or that the Court would grant the requested relief upon limited remand.

5. Prior to filing the instant emergency, Ms. Clark's counsel sought concurrence from Defendants' counsel under E.D. Mich. LR 7.1 and LR 5.3 and concurrence was not granted; necessitating the filing of this emergency motion.

Dated: July 6, 2026

Respectfully submitted,
**Shiraz Law Firm, PLLC**
***/s/ Shiraz K. Khan***
**Shiraz K. Khan (P78359)**
Shiraz Law Firm, PLLC
30400 Telegraph Rd., Suite 380
Bingham Farms, MI 48025
Tel: (248) 419-0678
**shiraz@justicebyjurytrials.com**
*Counsel for Plaintiff Krystal Clark*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PAULA BAILEY**, individually,
**KRYSTAL CLARK** and **HOPE ZENTZ**,
on behalf of themselves and others
similarly situated,
Plaintiffs,

Case No. 2:19-cv-13442
Hon. Stephen J. Murphy, III
Mag. Judge Elizabeth A. Stafford

v.

**HEIDI WASHINGTON**, *et al.*,
Defendants.
______________________________________________/

**NICHOLS KASTER, PLLP**
Rebekah L. Bailey (MN 304567)
Matthew H. Morgan (MN0389599)
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

**PITT McGEHEE PALMER BONANNI & RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
117 W. 4th Street, Ste. 200
Royal Oak, MI 48067
Telephone: (248) 398-9800

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7LAW

**MI DEP'T OF ATTORNEY GEN.**
Joshua S. Smith (P63349)
Kristin M. Southerland (P64353)
Michael R. Dean (P71333)
Jennifer A. Foster (P75947)
Sara E. Trudgeon (P82155)
John L. Thurber (P44989)
William J. Predhomme II (P81527)
MDOC Division
P.O. Box 30217
Lansing, MI 48909
P: (517) 335-3055
smithj191@michigan.gov
***Attorneys for Defendants***

**LAW OFFICES OF DAVID S. STEINGOLD, PLLC**
David S. Steingold (P29752)
Samantha Baker (P83674)
30300 Northwestern Hwy, Suite 111
Farmington Hills, MI 48334
P: (313) 962-0000
***Attorneys for Paula Bailey, Hope Zentz and the Putative Class ONLY***

**SHIRAZ LAW FIRM, PLLC**
Shiraz K. Khan (P78359)
30400 Telegraph Rd., Ste. 380
Bingham Farms, MI 48025
Telephone: (248) 419-0678
***Attorneys for Plaintiff Krystal Clark ONLY***
_________________________________________________________________/

**INTEGRATED BRIEF IN SUPPORT OF PLAINTIFF KRYSTAL CLARK'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE, FOR AN INDICATIVE RULING**

# TABLE OF CONTENTS


**I. INTRODUCTION** 1

**II. FACTUAL BACKGROUND** 3

A. The underlying case concerns hazardous conditions, mold, and inadequate ventilation at WHV. 3

B. Ms. Clark has documented mold allergy, presumed aspergillosis, respiratory symptoms, and ongoing infectious-disease treatment. 4

C. The requested relief is narrow and preserves Defendants' operational discretion. 7

D. Existing posture of the case. 7

**III. LEGAL STANDARD** 8

A. Fed. R. Civ. P. 65 authorizes emergency injunctive relief. 8

B. The Prison Litigation Reform Act requires narrow, necessary, least-intrusive relief. 9

C. Clark properly seeks relief first in the district court. 9

**IV. ARGUMENT** 10

A. Ms. Clark is likely to succeed on the merits of her Eighth Amendment claim for prospective relief. 10

B. Ms. Clark will suffer irreparable harm absent emergency relief. 13

C. The balance of harms and public interest favor narrowly tailored relief. 15

D. The public interest supports relief. 16

E. The requested order satisfies the PLRA. 16

F. Qualified immunity and governmental-immunity arguments do not bar prospective injunctive relief. 18

G. If the pending appeal limits immediate relief, the Court should issue an indicative ruling. 18

**V. CONCLUSION** 21

**VI. PRAYER AND REQUEST FOR RELIEF** 21

# TABLE OF AUTHORITIES

## CASES


| | |
|---|---|
| *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) | 8 |
| *Leary v. Daeschner*, 228 F.3d 729 (6th Cir. 2000) | 8 |
| *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566 (6th Cir. 2002) | 8, 9 |
| *Farmer v. Brennan*, 511 U.S. 825 (1994) | 10 |
| *Blackmore v. Kalamazoo County*, 390 F.3d 890 (6th Cir. 2004) | 12 |
| *Flagner v. Wilkinson*, 241 F.3d 475 (6th Cir. 2001) | 13 |
| *Helling v. McKinney*, 509 U.S. 25 (1993) | 11-13 |
| *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) | 19 |


## CONSTITUTIONAL PROVISIONS


| | |
|---|---|
| U.S. Const. amend. VIII | 2, 10-12 |


## STATUTES


| | |
|---|---|
| Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(1)-(2) | 3, 7, 9, 10, 16, 17 |


## RULES


| | |
|---|---|
| Federal Rule of Appellate Procedure 8(a)(1) | 2, 9, 18 |
| Federal Rule of Appellate Procedure 12.1 | 3, 10, 20 |
| Federal Rule of Civil Procedure 62.1 | 3, 10, 19-22 |
| Federal Rule of Civil Procedure 65 | 8 |
| Eastern District of Michigan Local Rule 5.3 | 4 |
| Eastern District of Michigan Local Rule 7.1 | 4 |

## INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| **1** | May 2, 2026 letter from Ms. Clark to MDOC Healthcare Complaints and Allegations Division and Director Washington (Public Redacted Version). |
| **2** | Henry Ford Infectious Diseases follow-up note dated April 21, 2026 (Public Redacted Version). |
| **3** | April 8, 2026 clinic note documenting mold allergy and chronic cough/blood-streaked sputum history (Public Redacted Version). |
| **4** | MDOC grievance dated March 11, 2026 referencing Henry Ford recommendations and mold-related medication requests (Public Redacted Version). |
| **5** | MDOC grievance/complaint dated April 29, 2026 regarding medical privacy and ability to discuss treatment (Public Redacted Version). |
| **6** | District Court June 24, 2025 Order, ECF No. 230. |
| **7** | July 3, 2026 CBS Detroit article, “4th Inmate at Women’s Huron Valley Correctional Facility Dies Since May, Michigan Officials Say.” |

# I. INTRODUCTION

Ms. Clark seeks narrow, emergency medical protection from a specific ongoing risk: continued exposure to mold and related environmental triggers while she is receiving infectious-disease care for presumed cutaneous aspergillosis, has a documented mold allergy, has reported respiratory symptoms and hemoptysis, and remains housed at WHV.

This is an emergency medical-placement motion. It is not a request for release from custody, broad prison administration, classwide relief, systemwide remediation, or a merits ruling on the qualified-immunity appeal. Ms. Clark seeks a plaintiff-specific order requiring Defendants to transfer her to a medically appropriate correctional, medical, or other lawful secure placement outside WHV.

Ms. Clark does not ask the Court to select a particular prison or medical facility. She asks only that Defendants be required to remove her from the complained of mold exposure by exercising one of two operational choices:

1. Remove Ms. Clark from WHV and place her in a medically appropriate correctional, medical, or other lawful secure placement outside WHV;

2. Permit Defendants to select the particular lawful outside-WHV placement while making clear that no internal WHV relocation qualifies as compliance.

That is the least intrusive remedy that can prevent the immediate harm.

The record supports emergency relief. The underlying action alleges years of hazardous conditions at WHV, including inadequate ventilation, dampness, aging HVAC systems, and mold exposure. The district court has already recognized that mold, to the extent it contributes to inadequate and unhealthy ventilation, may support an Eighth Amendment prison-conditions claim. Ms. Clark's present emergency is more specific: Her current medical records and complaints show an ongoing infectious disease issue, mold allergy, respiratory symptoms, and the medical need to avoid mold exposure. As recently as the week of June 29, 2026, Ms. Clark reported that her hearing had worsened to the point that she needed an assistive-listening device to properly hear telephone

conversations. These developments heighten the urgency of removing her from WHV and obtaining appropriate specialist care.

The requested order is also fully compatible with the Prison Litigation Reform Act ("PLRA") because it is plaintiff-specific, temporary, medically tied to Ms. Clark's documented risk, and leaves Defendants substantial discretion over the particular lawful placement outside WHV and the method of implementation.

In the alternative, if the Court concludes that the pending interlocutory appeal limits its power to enter immediate relief, Clark asks this Court to issue an indicative ruling under Fed. R. Civ. P. 62.1 so she may seek a limited remand under Fed. R. App. P. 12.1.

## II. FACTUAL BACKGROUND

### A. The underlying case concerns hazardous conditions, mold, and inadequate ventilation at WHV.

Ms. Clark is currently incarcerated at WHV. The record supporting this emergency motion reflects a serious individualized medical risk from continued mold exposure. This case arises from alleged dangerous environmental conditions at WHV, Michigan's only women's prison, including mold, dampness, inadequate ventilation, leaking roofs, aging HVAC systems, and alleged failure to remediate.

The district court's June 24, 2025 order described the underlying allegations in detail. The Court noted that "Huron Valley is infested with mold," that the mold allegedly drips from ceilings, falls from vents, bubbles through paint, and is associated with respiratory infections, wheezing, skin rashes, and other medical conditions. Ex. 6. ECF No. 230, PageID.4958-59.

The Court also described Ms. Clark's allegations: severe respiratory symptoms, asthma, shortness of breath, rashes, nosebleeds, coughing, headaches, dizziness, infections, eye issues, ear infections, hearing loss, and residue from her ears; brown and black mold dripping in the shower area; difficulty breathing anywhere at WHV; an allergist-confirmed severe mold allergy; and Dr. Tran's statement that Ms. Clark probably would not heal until she leaves the facility. Ex. 6. ECF No. 230, PageID.4961-62.

**B. Ms. Clark has documented mold allergy, presumed aspergillosis, respiratory symptoms, and ongoing infectious-disease treatment.**

Ms. Clark's current emergency is supported by the following exhibits:

| **Exhibit:**<br>***All Public Redacted Versions*** | **Description** |
|---|---|
| Exhibit 1 | May 2, 2026 letter from Ms. Clark to MDOC Healthcare Complaints and Allegations Division and Director Washington |
| Exhibit 2 | Henry Ford Infectious Diseases follow-up note dated April 21, 2026 |
| Exhibit 3 | April 8, 2026 clinic note documenting mold allergy and chronic cough/blood-streaked sputum history |
| Exhibit 4 | MDOC grievance dated March 11, 2026 referencing Henry Ford recommendations and mold-related medication requests |
| Exhibit 5 | MDOC grievance/complaint dated April 29, 2026 regarding medical privacy and ability to discuss treatment |
| Exhibit 6 | District court June 24, 2025 order, ECF No. 230 |
| Exhibit 7 | July 3, 2026 CBS Detroit Article: "4th Inmate at Women's Huron Valley Correctional Facility Dies Since May, Michigan Officials Say..” |

On May 2, 2026, Ms. Clark wrote to MDOC Healthcare Complaints and Allegations Division and Director Washington reporting that a “serious fungal/mold infection” had “ravaged” her body

for years and that her Henry Ford Infectious Disease treatment plan was not being followed. Ex. 1.

Her April 21, 2026 Henry Ford Infectious Diseases note identifies hemoptysis as the primary diagnosis, states the reason for the visit as follow-up for aspergillosis, notes a fungal culture from the ear growing Aspergillus, reflects a respiratory culture that grew Aspergillus niger, assesses presumed cutaneous aspergillosis, and continues posaconazole with a planned six-to-twelve-month course. Ex. 2.

The April 21, 2026 note also records intermittent hemoptysis, orders chest imaging, and states that Ms. Clark reportedly saw MSU Occupational Health and was told to avoid mold exposure, although the provider could not locate those records. Ex. 2. Her April 8, 2026 clinic note separately lists mold as an allergy causing a severe rash, bloody nose, and runny eyes. Ex. 3.

Ms. Clark's March 11, 2026 grievance states that Henry Ford Infectious Disease recommendations included Benadryl, ophthalmology eye drops, and lotion or emollient, and that those medications were necessary because of documented mold exposure. Ex. 4. Her April 29,

2026 grievance concerns medical privacy and alleged interference with her ability to discuss mold/fungal treatment. Ex. 5.

Further, Ms. Clark is aware that several other women incarcerated at WHV have recently died. She does not ask the Court to determine the cause of those deaths in this emergency motion. The point is narrower: given her documented symptoms, ongoing treatment, mold allergy, and continued exposure to the environmental trigger she has been told to avoid, Ms. Clark reasonably fears catastrophic injury or death if she remains in the same environment pending ordinary litigation timelines. Clark Decl. ¶11.

### C. The requested relief is narrow and preserves Defendants' operational discretion.

Ms. Clark asks for a temporary order requiring Defendants to remove her from WHV and place her in a medically appropriate correctional, medical, or other lawful secure placement outside WHV. She does not ask the Court to choose a specific outside facility, but no placement within WHV would satisfy the requested relief.

This structure is critical. It addresses the immediate medical risk while preserving prison-administration discretion over the specific lawful

outside-WHV placement and method of implementation, and it satisfies the PLRA's need-narrowness-intrusiveness requirements.

### D. Existing posture of the case.

The district court's June 24, 2025 order recognized that Ms. Clark and Zentz have standing to seek injunctive relief because they remain incarcerated at WHV, face alleged ongoing exposure to allergens, cleaning chemicals, and mold, and Ms. Clark continues to allege difficulty breathing, wheezing, shortness of breath, chest pains, and headaches. ECF No. 230, PageID.4979-80.

## III. LEGAL STANDARD

### A. Fed. R. Civ. P. 65 authorizes emergency injunctive relief.

A temporary restraining order and preliminary injunction are governed by Fed. R. Civ. P. 65. Courts consider whether the movant has shown: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm without relief; (3) that the balance of equities favors relief; and (4) that relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Preliminary injunctive relief is an extraordinary remedy, and Ms. Clark recognizes her burden. *See Overstreet*, 305 F.3d at 573; *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The record meets that burden because this motion seeks narrow medical protection from an ongoing risk, not final merits relief. *Overstreet*, 305 F.3d at 572-73.

**B. The Prison Litigation Reform Act (PLRA) requires narrow, necessary, least-intrusive relief.**

Because this case concerns prison conditions, any preliminary injunctive relief must also comply with the PLRA. Under 18 U.S.C. § 3626(a)(2), preliminary injunctive relief in a civil action concerning prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. The Court must also give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief. *Id*. Preliminary injunctive relief under 18 U.S.C. § 3626(a)(2) expires automatically 90 days after entry unless the Court makes the findings required for prospective relief and makes the order final before that period expires. *Id.*

**C. Clark properly seeks relief first in the district court.**

Fed. R. App. P. 8(a)(1) requires a party seeking an order suspending, modifying, restoring, or granting an injunction while an appeal is pending to ordinarily move first in the district court. Clark follows that rule here because the district court is best positioned to evaluate the immediate medical record, the prison-conditions record, the scope of plaintiff-specific relief, and any PLRA findings.

If the Court concludes that the pending appeal limits its authority to grant immediate relief, Fed. R. Civ. P. 62.1 permits the Court to defer consideration, deny the motion, state that it would grant the motion if the court of appeals remands, or state that the motion raises a substantial issue. Fed. R. App. P. 12.1 then provides the procedure for notifying the court of appeals and seeking a limited remand.

## IV. ARGUMENT

### A. Ms. Clark is likely to succeed on the merits of her Eighth Amendment claim for prospective relief.

The Eighth Amendment requires prison officials to provide humane conditions of confinement, including reasonable safety and adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate the Eighth Amendment when they act with deliberate

indifference to a substantial risk of serious harm to inmate health or safety. *Id.* at 834, 837.

An Eighth Amendment conditions claim has objective and subjective components. Objectively, the prisoner must show conditions posing a substantial risk of serious harm. Subjectively, the prisoner must show that officials knew of and disregarded an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 834, 837.

The Eighth Amendment also protects incarcerated people from exposure to environmental conditions that pose an unreasonable risk of serious future harm. *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993). In *Helling*, the Supreme Court held that a prisoner need not wait until serious disease occurs before seeking relief from exposure to a dangerous environmental condition. *Id.*

The underlying record places this case outside ordinary complaints about minor mold or discomfort. The district court described extensive mold allegations at WHV and also described Ms. Clark's particular allegations, including severe respiratory issues, mold allergy, and a provider statement that she likely would not heal until she leaves the facility. ECF No. 230, PageID.4958-59, 4961-62.

Ms. Clark satisfies the objective component at this emergency stage. Her medical records reflect presumed cutaneous aspergillosis, long-term antifungal treatment requiring monitoring, hemoptysis, documented mold allergy, and a provider-noted report that she was told to avoid mold exposure. Exs. 2-3. Her grievances and letter describe ongoing symptoms and alleged failure to follow infectious-disease recommendations. Exs. 1, 4-5.

Ms. Clark also satisfies the subjective component at this emergency stage. She notified MDOC Healthcare Complaints and Allegations Division and Director Washington of her fungal/mold condition and reported that her Henry Ford Infectious Disease treatment plan was not being followed. Ex. 1. She also grieved medication and treatment issues tied to documented mold exposure. Ex. 4.

The Sixth Circuit's serious-medical-need framework supports the same conclusion. A serious medical need may be shown where the condition has been diagnosed by a physician as mandating treatment or is so obvious that a lay person would recognize the need for medical attention. *Blackmore v. Kalamazoo Cnty.,* 390 F.3d 890, 897 (6th Cir.

2004). Ms. Clark's records reflect diagnosed conditions and ongoing treatment.

Environmental-exposure cases reinforce this point. *Helling* held that exposure to environmental hazards can violate the Eighth Amendment when it creates an unreasonable risk of serious damage to future health. *Helling*, 509 U.S. at 33-35. Here, Ms. Clark seeks relief from continued exposure to an alleged environmental trigger that is tied to her documented mold allergy, respiratory symptoms, and infectious-disease treatment.

Nor does qualified immunity defeat this request. Ms. Clark seeks prospective injunctive relief to prevent imminent harm. Qualified immunity is a defense to damages claims against officials in their individual capacities; it does not bar prospective injunctive relief. *Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001).

**B. Ms. Clark will suffer irreparable harm absent emergency relief.**

Ms. Clark is likely to suffer irreparable harm without emergency relief. The harm is immediate and medical. She remains in the complained-of environment while records document presumed cutaneous aspergillosis, long-term antifungal treatment, hemoptysis,

mold allergy, and a provider-noted report that she was told to avoid mold exposure. Exs. 2-3.

The risk is not speculative. Ms. Clark reports that she remains exposed to mold and environmental triggers at WHV while her symptoms and treatment continue. Exs. 1, 4-5. The district court already recognized allegations that Ms. Clark continues to have difficulty breathing, wheezing, shortness of breath, chest pains, and headaches from ongoing conditions at WHV. ECF No. 230, PageID.4979.

The requested relief is necessary now because later damages, later appellate success, or later remediation would not undo preventable pulmonary injury, systemic worsening, or treatment failure caused by continued exposure during ordinary litigation timelines.

The harm is also non-compensable. Later damages or belated treatment cannot restore the *status quo* if Ms. Clark suffers avoidable pulmonary or systemic decline while awaiting ordinary litigation timelines.

Ms. Clark does not need this Court to decide the cause of any other woman's death to act. She relies on her own medical record, her

own symptoms, her own ongoing exposure, and the district court's prior recognition that her alleged harm is real, immediate, and ongoing. ECF No. 230, PageID.4979.

### C. The balance of harms and public interest favor narrowly tailored relief.

The balance of harms strongly favors Ms. Clark. On one side is an incarcerated plaintiff with a documented fungal condition, respiratory symptoms, and mold allergy who faces a risk of worsening illness if she remains exposed to mold. On the other side is a limited administrative burden and obligation to select and implement a medically appropriate placement outside WHV.

The requested order respects prison administration. It does not dictate a specific facility, order release, require systemwide remediation, or impose broad operational control. It gives Defendants discretion to choose the least intrusive placement that satisfies the medical and environmental requirements.

The requested injunction imposes a limited burden on Defendants because it does not prescribe a particular outside facility or method of transport. Defendants retain operational discretion to select among

lawful placements outside WHV, but no internal transfer within WHV would satisfy the requested order.

By contrast, the harm to Ms. Clark is severe: ongoing exposure to a medically documented trigger while she receives infectious disease care for a fungal condition and related respiratory symptoms.

### D. The Public Interest Supports Relief

The public interest favors enforcement of constitutional obligations and prevention of avoidable serious medical harm in custody. The public interest is also served by an order that is narrow, temporary, plaintiff-specific, and deferential to prison officials' operational discretion.

### E. The requested order satisfies the PLRA.

The PLRA requires that preliminary relief in prison-conditions litigation be narrowly drawn, extend no further than necessary to correct the harm, and use the least intrusive means necessary. 18 U.S.C. § 3626(a)(2).

Ms. Clark's proposed relief satisfies those requirements. It is:

1. **Narrowly drawn** because it applies only to Ms. Clark and only to her exposure to mold and related triggers during an ongoing medical emergency;

2. **No broader than necessary** because it does not require facility-wide remediation or classwide relief;
3. **Least intrusive** because Defendants may select the particular medically appropriate correctional, medical, or other lawful secure placement outside WHV and determine the method of implementation; and
4. **Temporary** because it may be limited to the statutory period unless the Court later makes the findings required by 18 U.S.C. § 3626(a)(1).

The Court should expressly find that the relief is necessary to correct the immediate risk to Ms. Clark's health, is narrowly tailored to the record before the Court, and gives substantial weight to prison operations by leaving Defendants discretion over the placement method. The precise type of limited placement relief the PLRA permits, being that of relief tailored to the plaintiff-specific harm, with deference to prison officials on implementation.

Moreover, this Honorable Court **cannot** ignore recent media reports documenting the sudden and unexpected deaths of women

prisoners housed in this facility.[1] On July 3, 2026, The Detroit News, Detroit Free Press, and other media outlets reported the **fourth unexplained and unexpected death of a Women's Huron Valley Correctional Facility inmate since May 13th**.[2] The media reports highlight the **urgency** for this Honorable Court to take immediate action and grant Ms. Clark the requested relief due to her severe health conditions. See also Ex. 7.

**F. Qualified immunity and governmental-immunity arguments do not bar prospective injunctive relief.**

To the extent Defendants invoke qualified immunity or governmental-immunity defenses, those defenses do not defeat Ms. Clark's request for prospective equitable relief. Qualified immunity is a defense to damages against officials in their individual capacities; it does not bar prospective injunctive relief. *Flagner*, 241 F.3d at 483.

**G. If the pending appeal limits immediate relief, the Court should issue an indicative ruling.**

The pending interlocutory appeal should not leave Ms. Clark without a mechanism for emergency medical protection. Ms. Clark has

[1] See https://www.freep.com/story/news/local/michigan/2026/07/02/fourth-inmate-death-womens-huron-valley-prison-michigan/90786274007/

[2] See https://www.detroitnews.com/story/news/local/michigan/2026/07/02/michigan-female-huron-valley-prison-fourth-death-less-than-2-months/90790390007/

followed the proper sequence by moving first in the district court under Fed. R. App. P. 8(a)(1). The requested relief is urgent, plaintiff-specific, and fact-bound; this Court is best positioned to evaluate the record in the first instance.

Further, the pending interlocutory appeal does not bar prospective emergency relief, but Fed. R. Civ. P. 62.1 provides an alternative path if the Court concludes otherwise.

Defendants' pending interlocutory appeal concerns immunity issues arising from the Court's order on the pleadings. A notice of appeal generally divests a district court of control over aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). This motion does not seek to alter the order on appeal or decide the immunity issues pending in the Sixth Circuit.

If the Court concludes that the appeal limits its authority to grant relief immediately, it should issue an indicative ruling under Fed. R. Civ. P. 62.1(a)(3). Rule 62.1 authorizes a district court that lacks authority to grant a motion because of a pending appeal to state either that it would grant the motion if the court of appeals remands or that the motion raises a substantial issue.

If the Court concludes that the appeal limits its authority to grant relief immediately, it should issue an indicative ruling under Fed. R. Civ. P. 62.1. Rule 62.1 authorizes a district court that lacks authority to grant a motion because of a pending appeal to: defer consideration, deny the motion, or state either that it would grant the motion if the court of appeals remands or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a). If the district court states that it would grant the motion or that the motion raises a substantial issue, the movant may promptly notify the circuit, and the court of appeals may remand for further proceedings while retaining jurisdiction unless it expressly dismisses the appeal. Fed. R. App. P. 12.1.

At minimum, Ms. Clark's motion raises a substantial issue because it concerns an asserted ongoing medical emergency, documented mold allergy, infectious-disease treatment, and alleged continued exposure to the environmental trigger that her treating providers advised her to avoid.

## V. CONCLUSION

For these reasons, Plaintiff Krystal Clark ("Ms. Clark") respectfully requests that the Court grant emergency temporary restraining order and preliminary injunctive relief, or in the alternative issue an indicative ruling under Fed. R. Civ. P. 62.1(a)(3).

## VI. PRAYER AND REQUEST FOR RELIEF

**WHEREFORE**, for the foregoing reasons, Plaintiff Krystal Clark ("Ms. Clark") prays that this Honorable Court **GRANTS** the following relief:

1. Granting this emergency motion;
2. Requiring Defendants, within 24 hours or another time set by the Court, to remove Ms. Clark from WHV and transfer her to a medically appropriate correctional, medical, or other lawful secure placement outside WHV where she will not be exposed to the complained-of mold and related environmental triggers;
3. Requiring Defendants to maintain Ms. Clark in that medically appropriate placement pending further order providing that no cell, unit, wing, or other area within WHV will constitute compliance with the order;

4. Requiring Defendants to ensure that Ms. Clark's infectious-disease treatment plan, mold-avoidance instruction, antifungal monitoring, prescribed medications, and ordered imaging or follow-up are not interrupted;
5. Requiring Defendants to file a compliance notice identifying the selected outside-WHV placement, the medical and environmental basis for the placement, and the steps taken to maintain continuity of care;
6. Finding that the order is narrowly drawn, extends no further than necessary to correct the imminent risk of harm to Ms. Clark, and is the least intrusive means necessary under 18 U.S.C. § 3626(a)(2); and
7. Alternatively, if the Court concludes it lacks authority to grant immediate relief because of the pending appeal, issuing an indicative ruling under Fed. R. Civ. P. 62.1(a)(3) stating that the motion raises a substantial issue or that the Court would grant the requested relief upon limited remand.

Dated: July 6, 2026

Respectfully submitted,
**Shiraz Law Firm, PLLC**
***/s/ Shiraz K. Khan***
**Shiraz K. Khan (P78359)**

Shiraz Law Firm, PLLC
30400 Telegraph Rd., Suite 380
Bingham Farms, MI 48025
Tel: (248) 419-0678
**shiraz@justicebyjurytrials.com**
*Counsel for Plaintiff Krystal Clark*

## CERTIFICATE OF SERVICE

I, SHIRAZ K. KHAN (P78359), certify that on July 6, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court of the Eastern District of Michigan, using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses that they have provided to the Court.

Dated: July 6, 2026

Respectfully submitted,
**Shiraz Law Firm, PLLC**
***/s/ Shiraz K. Khan__***

**Shiraz K. Khan (P78359)**
Shiraz Law Firm, PLLC
30400 Telegraph Rd., Suite 380
Bingham Farms, MI 48025
Tel: (248) 419-0678
**shiraz@justicebyjurytrials.com**
*Counsel for Plaintiff Krystal Clark*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PAULA BAILEY**, individually,
**KRYSTAL CLARK** and **HOPE ZENTZ**,
on behalf of themselves and others
similarly situated,
Plaintiffs,

Case No. 2:19-cv-13442
Hon. Stephen J. Murphy, III
Mag. Judge Elizabeth A. Stafford

v.

**HEIDI WASHINGTON**, *et al.*,
Defendants.
_____________________________________________/

**NICHOLS KASTER, PLLP**
Rebekah L. Bailey (MN 304567)
Matthew H. Morgan (MN0389599)
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

**PITT McGEHEE PALMER BONANNI & RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
117 W. 4th Street, Ste. 200
Royal Oak, MI 48067
Telephone: (248) 398-9800

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7LAW

**MI DEP'T OF ATTORNEY GEN.**
Joshua S. Smith (P63349)
Kristin M. Southerland (P64353)
Michael R. Dean (P71333)
Jennifer A. Foster (P75947)
Sara E. Trudgeon (P82155)
John L. Thurber (P44989)
William J. Predhomme II (P81527)
MDOC Division
P.O. Box 30217
Lansing, MI 48909
P: (517) 335-3055
smithj191@michigan.gov
***Attorneys for Defendants***

**LAW OFFICES OF DAVID S. STEINGOLD, PLLC**
David S. Steingold (P29752)
Samantha Baker (P83674)
30300 Northwestern Hwy, Suite 111
Farmington Hills, MI 48334
P: (313) 962-0000

***Attorneys for Paula Bailey, Hope Zentz and the Putative Class ONLY***

**SHIRAZ LAW FIRM, PLLC**
Shiraz K. Khan (P78359)
30400 Telegraph Rd., Ste. 380
Bingham Farms, MI 48025
Telephone: (248) 419-0678

***Attorneys for Plaintiff Krystal Clark ONLY***

/

**DECLARATION OF KRYSTAL CLARK IN SUPPORT OF THE EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, Krystal Clark, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am currently incarcerated at Women's Huron Valley Correctional Facility (WHV).
2. I have personal knowledge of the facts stated in this declaration, except where I expressly state that I am describing my understanding of medical records or what medical providers told me.
3. I have requested my attorney, Shiraz K. Khan of The Shiraz Law Firm, PLLC, to file a request for emergency relief because I am experiencing serious and worsening health issues that I believe are aggravated by mold exposure and the conditions at WHV.
4. I have observed visible mold and/or dampness in my living areas and common areas at WHV, including but not limited to the following areas and locations:

   a. Leaky ceilings, inoperable windows, inadequate ventilation, and inoperable or inadequate heating and cooling systems, which are conditions in which mold may thrive;
   b. I have seen and experienced what I believe to be mold in my living area and shower rooms;
   c. I have witnessed and experienced what I believe to be mold in the common areas inside and outside of the facility;
5. My symptoms include:
   a. A chronic fungal ear infection/cutaneous aspergillosis, including black, dry, crusted material on and around my ears;
   b. A diagnosis/visit diagnosis of hemoptysis;
   c. Breathing issues and blood-streaked sputum for which chest imaging was ordered;
   d. Allergic reactions and symptoms that I understand are related to suspected mold exposure;
   e. Henry Ford Infectious Disease records identifying presumed cutaneous aspergillosis, with antifungal treatment and monitoring;
   f. Nasal bleeding/epistaxis;
   g. Eye irritation, dry eye, itching, allergic conjunctivitis, and related symptoms.
   h. Hearing issues while I continue to experience the fungal ear conditions described above.
6. Medication and allergy-related measures have been ordered or recommended in connection with these mold-related/allergy symptoms.These symptoms have interfered with my daily functioning and have caused significant distress.
7. I have sought medical care and have made multiple written requests for care related to these symptoms. I have also submitted complaints or grievances about mold conditions and my medical needs, including, but not limited to, on or about March 11, 2026, April 29, 2026 and May 2, 2026.
8. I understand from medical providers and/or medical records that I have a documented mold allergy and mold-related symptoms, and I have been told or understand that I should avoid mold exposure.
9. I am requesting removal from WHV and transfer to a medically appropriate correctional, medical, or other lawful secure placement outside WHV because

remaining at WHV poses an immediate risk to my health. No housing unit or other placement within WHV would provide the relief I am requesting.

10. My April 2026 medical records reflect that mold is a documented allergy causing severe rash, bloody nose, and runny eyes; that fungal cultures from my ear grew Aspergillus and a prior respiratory culture grew Aspergillus niger; and that I was assessed with presumed cutaneous aspergillosis requiring long-term antifungal treatment and monitoring. Although I reported taking posaconazole as directed, I had experienced very little improvement and continued to suffer headaches, a runny nose, hives, chronic cough, occasional blood-streaked sputum, and persistent symptoms affecting my ears. The Henry Ford provider continued posaconazole for a planned six-to-twelve-month course and ordered a chest CT because of the blood in my sputum. I also reported that MSU Occupational Health had advised me to avoid mold exposure.

11. Through grievances dated March 11 and April 29, 2026, and my May 2, 2026 letter to MDOC Healthcare Complaints and Allegations Division/Quality Assurance, copied to Director Heidi Washington, Governor Gretchen Whitmer, and the Ombudsman, I reported that WHV had not provided all medications recommended by Henry Ford specialists, that the doctor was not following the Henry Ford Infectious Disease treatment plan, and that interruptions during my April 24 medical appointment prevented me from fully discussing my mold-related symptoms and treatment with the physician responsible for my care.

12. I am aware that other women incarcerated at Women's Huron Valley Correctional Facility have recently died. I do not know the specific medical cause of those deaths, but knowing that women have recently died at this facility, while I continue to experience worsening symptoms and ongoing mold exposure, makes me fear that I may suffer catastrophic injury or death if I remain housed here. I am asking the Court for emergency relief because I do not want that to happen to me.

13. This declaration is based on my personal knowledge. I personally obtained and possessed the medical records being submitted in support of my emergency motion and provided them to my attorney, either directly or through members of my family acting at my direction. I knowingly authorize my attorney to disclose the medical information contained in my emergency motion, the supporting declarations, and any specifically prepared public redacted exhibits for purposes of seeking relief in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15 day of 6, 2026.

Signature: Krystal Clark
Krystal Clark

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PAULA BAILEY**, individually,
**KRYSTAL CLARK** and **HOPE ZENTZ**,
on behalf of themselves and others
similarly situated,
Plaintiffs,

Case No. 2:19-cv-13442
Hon. Stephen J. Murphy, III
Mag. Judge Elizabeth A. Stafford

v.

**HEIDI WASHINGTON**, *et al.*,
Defendants.
_______________________________________/

**NICHOLS KASTER, PLLP**
Rebekah L. Bailey (MN 304567)
Matthew H. Morgan (MN0389599)
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200

**PITT McGEHEE PALMER BONANNI & RIVERS PC**
Cary S. McGehee (P42318)
Beth M. Rivers (P33614)
117 W. 4th Street, Ste. 200
Royal Oak, MI 48067
Telephone: (248) 398-9800

**MARKO LAW, PLLC**
Jonathan R. Marko (P72450)
220 W. Congress, Fourth Floor
Detroit, MI 48226
P: (313) 777-7LAW

**MI DEP'T OF ATTORNEY GEN.**
Joshua S. Smith (P63349)
Kristin M. Southerland (P64353)
Michael R. Dean (P71333)
Jennifer A. Foster (P75947)
Sara E. Trudgeon (P82155)
John L. Thurber (P44989)
William J. Predhomme II (P81527)
MDOC Division
P.O. Box 30217
Lansing, MI 48909
P: (517) 335-3055
smithj191@michigan.gov
***Attorneys for Defendants***

**LAW OFFICES OF DAVID S. STEINGOLD, PLLC**
David S. Steingold (P29752)
Samantha Baker (P83674)
30300 Northwestern Hwy, Suite 111
Farmington Hills, MI 48334
P: (313) 962-0000
***Attorneys for Paula Bailey, Hope Zentz and the Putative Class ONLY***

**SHIRAZ LAW FIRM, PLLC**
Shiraz K. Khan (P78359)
30400 Telegraph Rd., Ste. 380
Bingham Farms, MI 48025
Telephone: (248) 419-0678
***Attorneys for Plaintiff Krystal Clark ONLY***
______________________________________________________/

**DECLARATION OF SHIRAZ K. KHAN IN SUPPORT OF PLAINTIFF KRYSTAL CLARK'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I, Shiraz K. Khan (P78359), pursuant to 28 U.S.C. §1746, declare under penalty of perjury the following:

1. I am licensed to practice in Michigan and admitted to practice before the United States District Court for the Eastern District of Michigan and the United States Court of Appeals for the Sixth Circuit.

2. I represent Plaintiff Krystal Clark ("Ms. Clark") individually in this action and in the pending interlocutory appeal, No. 25-1608.

3. I submit this declaration based upon my personal knowledge of my firm's receipt and maintenance of the exhibits identified below. Exhibits 1 through 5 were provided to my office directly by Ms. Clark or were transmitted to my office by members of her family

on her behalf and at her direction. Based upon my communications with Ms. Clark, the medical records were obtained by Ms. Clark through her own access to and possession of her own medical records.

4. Ms. Clark provided these records for use in seeking emergency judicial relief concerning her medical condition and continued confinement at WHV. Ms. Clark has expressly instructed and authorized my office to use and disclose in this action the medical information contained in the emergency motion, supporting declarations, and public redacted exhibits for the purpose of obtaining the requested relief.

5. Except for redactions made for purposes of the public filing, Exhibit 1 is a true and correct copy of a May 2, 2026 letter from Krystal Clark to MDOC's Healthcare Complaints and Allegations Division and others, as maintained in the firm's case file.

6. Except for redactions made for purposes of the public filing, Exhibit 2 is a true and correct copy of a Henry Ford Infectious Diseases clinic follow-up note dated April 21, 2026 identifying hemoptysis as the primary diagnosis, follow-up for aspergillosis as the reason for the visit, presumed cutaneous aspergillosis, long-term posaconazole treatment, intermittent hemoptysis, and a provider-noted report that Ms. Clark had been told to avoid mold exposure.

7. Except for redactions made for purposes of the public filing, Exhibit 3 is a true and correct copy of an April 8, 2026 clinic note documenting mold as an allergy causing severe rash, bloody nose, and runny eyes, and noting cutaneous fungal ear infection due to aspergillosis followed by multiple providers on posaconazole.

8. Except for redactions made for purposes of the public filing, Exhibit 4 is a true and correct copy of an MDOC grievance dated March 11, 2026 referencing Henry Ford Infectious Disease recommendations, medication requests, and alleged mold-related exposure.

9. Except for redactions made for purposes of the public filing, Exhibit 5 is a true and correct copy of an MDOC grievance or complaint dated April 29, 2026 referencing medical privacy and Ms. Clark's ability to discuss treatment for a mold/fungal condition.

10. Exhibit 6 is a true and correct copy of the district court's June 24, 2025 Order Granting in Part and Denying in Part Motion for Judgment on the Pleadings, ECF No. 230.

11. Exhibit 7 is the July 3, 2026 CBS Detroit Article "4th Inmate at Women's Huron Valley Correctional Facility Dies Since May, Michigan Officials Say". There is also a Detroit Free Press article detailing the **fourth unexplained and unexpected death of a Women's Huron Valley Correctional Facility inmate since May 13th**.[1] The July 3, 2026 Detroit Free Press and CBS Detroit articles highlight the **urgency** for this Honorable Court to take immediate action and grant Ms. Clark the requested relief due to her severe health conditions.

12. Exhibits 1 through 5 contain sensitive medical or personal information belonging to Ms. Clark. Out of caution, Ms. Clark is submitting redacted versions on the public docket and seeks authorization to submit the corresponding unredacted versions under seal through the procedures identified in the accompanying motion to seal.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Shiraz K. Khan
**Shiraz K. Khan (P78359)**

Executed on July 6, 2026.

---

[1] See https://www.detroitnews.com/story/news/local/michigan/2026/07/02/michigan-female-huron-valley-prison-fourth-death-less-than-2-months/90790390007/

## CERTIFICATE OF SERVICE

I, SHIRAZ K. KHAN (P78359), certify that on July 6, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court of the Eastern District of Michigan, using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses that they have provided to the Court.

Dated: July 6, 2026

Respectfully submitted,

**Shiraz Law Firm, PLLC**
***/s/ Shiraz K. Khan***__
**Shiraz K. Khan (P78359)**
Shiraz Law Firm, PLLC
30400 Telegraph Rd., Suite 380
Bingham Farms, MI 48025
Tel: (248) 419-0678
**shiraz@justicebyjurytrials.com**
*Counsel for Plaintiff Krystal Clark*